## No. 16,494.

SMITH, FOR AND ON BEHALF OF LEECH *v.* MILLS.

(225 P. [2d] 483)

Decided November 6, 1950.

Mr. W. F. ROBINSON, JR., Mr. FRED W. MATTSON, for plaintiff in error.

Mr. CHARLES A. KAROWSKY, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

ACTION was brought below by Florence Leech Smith, as the mother and next friend of her two minor daughters, against their paternal aunt, Esther Leech Mills, alleging in brief that plaintiff and defendant had entered into a written agreement for the payment by defendant to plaintiff of the proceeds derived from a certain policy of life insurance on the life of one Clara J. Leech; that the agreement was for the benefit of said minor children; that defendant had failed and refused to comply with the provisions of the agreement and had received proceeds from said insurance policy. A copy of the agreement was attached to the complaint as an exhibit. So far as pertinent here, the agreement between said parties provided that, "In consideration of the mutual covenants herein contained and the mutual love and affection each party has for the other party hereto and the love and affection the first bears to and has for Jo Ann Leech and Sharon Leech, nieces of the party of the first part, it is mutually agreed as follows: 1. That the party of the first part will pay or cause to be paid to the party of the second part for the use and benefit of Jo Ann Leech and Sharon Leech, nieces of the party of the second part, any and all proceeds derived by the party of the first part from Policy No. 4,926,718 issued by the Mutual Life Insurance Company."

Defendant attacked the complaint by motion for summary judgment, on the ground that a cause of action had not been stated, and that plaintiff had no basis for relief. This motion was denied by the court with an invitation for its renewal in the court order by which it gave the

defendant ten days in which to answer, "then if advisable to submit argument by brief or affidavit as to the issue involved." Thereafter defendant filed answer setting up lack of consideration and that the agreement was signed by defendant under duress, and then renewed her motion for summary judgment, on the ground that the pleadings showed that a cause of action had not been stated and that plaintiff had no basis for relief. The court upon hearing granted the motion and ordered that plaintiff might have ten days in which to file an amended complaint. Thereafter plaintiff filed an amended complaint setting up alleged consideration for the agreement upon which the suit was brought, and subsequently, on motion of defendant, the court dismissed this amended complaint upon the ground that it had erred in permitting it to be filed, and affirmed the summary judgment. The question before us is the propriety of the action of the court in so ordering summary judgment with denial of right to amend.

Under our present rules of civil procedure plaintiff is not required to set out "a cause of action" as contemplated by our former code, but by Rule 8 C(a) need set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is not to require the pleader to set forth the facts with particularity, but merely to apprize the adverse party of the nature of his claim. *Bridges v. Ingram,* 122 Colo. 501, 223 P. (2d) 1051, decided October 30, 1950. As said of the federal rule from which ours was adopted, "The courts have recognized that the function of pleadings under the Federal Rules is to give *fair notice* of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so that it may be assigned to the proper form of trial. As Judge St. Sure said in one of the first decisions under the Rules, 'The modern philosophy concerning pleadings is that they do

little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required.' This viewpoint has been followed by the majority of cases." 2 Moore's Federal Practice (2d ed.), p. 1648. We think plaintiff's complaint was sufficient, under the rule, to give notice to the defendant of the claim asserted; that alleging entrance into a contract is sufficient allegation of its validity, and that it is not necessary to set out specifically the nature or existence of consideration to enable the complaint to withstand motion for dismissal. The complaint having given fair notice of the claim asserted, our rules provide the steps whereby the opposing party may procure any further particularity of statement necessary for responsive pleading or preparation for trial.

Moreover, the mere fact that defendant had filed an answer raising issues of lack of consideration and duress constituted no admission on the part of plaintiff of the truth of defendant's allegations therein, and the challenge interposed here to the complaint of necessity was based upon the complaint itself rather than upon any evidence or admissions otherwise. It was equivalent to a demurrer under the code. Such attack, even if proper, is in the nature of a motion for dismissal under Rule 12 C(b)(6) R.C.P. Colo., for failure to state a claim upon which relief may be granted, rather than of a motion for summary judgment under Rule 56.

While a judgment of dismissal for failure to state a claim upon which the relief may be granted may, we think, be entered upon a motion for summary judgment, as held in *J. W. Terteling & Sons v. Central Nebraska Pub. P. & I. Dist.*, 8 F.R.D. 210, such judgment must specifically disclose the inadequacy of the complaint as the ground therefor, and permission to amend should be given where there is a possibility by amendment of an adequate statement of claim.

Trial courts should exercise great care in grant-

ing motions for summary judgment, and should not deny a litigant a trial where there is the slightest doubt as to the facts. *Doehler Metal Furniture Co. Inc., v. United States,* 149 F. (2d) 130.

A summary judgment "should never be entered, save in those cases where the movant is entitled to such beyond all doubt. The facts conceded should show with such clarity the right to a judgment as to leave no room for controversy or debate. They must show affirmatively that plaintiff would not be entitled to recover under any and all circumstances." *Clair v. Sears Roebuck & Co.,* 34 Fed. Supp. 559.

■ Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and no genuine issue remains for trial. *Sartor v. Arkansas Gas Corp.,* 321 U. S. 620, 64 Sup. Ct. 724, 88 L. Ed. 967.

The judgment is reversed and the case remanded.