No. 16,699.

Field *v.* Sisters of Mercy.
(245 P. [2d] 1167)

Decided June 16, 1952.   Rehearing denied July 7, 1952.

1

Messrs. McDougal & Klingsmith, for plaintiff in error.

Messrs. Bannister, Weller & Friedrich, Mr. William H. Hazlitt, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, plaintiff below, filed her complaint against defendant alleging that on February 11, 1949, during the regular visiting hours, she entered Mercy Hospital to visit a sick friend she supposed was there; that while crossing the lobby from the reception desk to the elevators, she tripped and fell over a suitcase left in the pathway and was injured by the fall; that it was late in the afternoon and defendant negligently and carelessly allowed the reception room to remain in semidarkness, making it impossible for plaintiff to observe the suitcase

on the floor; that the suitcase was directly in the path a person would use walking from the reception desk to the elevators; and that defendant was negligent in allowing the suitcase to be placed there. An amendment to the complaint was allowed in the following words, "* * * and defendant knew, or by the exercise of reasonable care, should have known the said suitcase was so placed."

A motion for dismissal for failure to state a claim upon which relief could be granted was denied and defendant, Sisters of Mercy, answered, admitting that plaintiff was involved in an accident in the hospital; denied all other allegations of the complaint; and set up the affirmative defenses of contributory negligence, unavoidable accident, and assumption of risk. The answer contained no allegation of any specific facts.

Plaintiff's deposition was taken by defendant and is narrated as follows: She received a telephone call from a Mrs. Oatis telling her that she was in the hospital and that the nuns were taking care of her; the name of the hospital was not mentioned and plaintiff assumed, since it was a Catholic hospital, that it was Mercy Hospital, operated by defendants, because that was the closest hospital to the home of Mrs. Oatis. It was late in the afternoon and she heard a radio broadcast that a storm was expected; she thought the battery in her automobile needed charging; and she decided to drive over to the hospital, which drive would charge the battery and she could call on her sick friend. When she arrived at the hospital there were some people in the lobby talking with the hospital registration clerk; plaintiff had to go around one of the posts in the lobby and the light from the door was obstructed by the people; that she could not see anything; that she was aware of the darkness; that it was sufficiently dark to prevent her seeing anything that might be in her path; that she decided to go down this darkened pathway to the elevators and make inquiry of the elevator pilot as to where her friend was located. She did not stop at the information desk, or wait, or make inquiry. She tripped

over the suitcase and the fall caused severe injury to her arm and shoulder; that one of the sisters of the hospital took hold of her arm to assist her in getting up and she complains that that caused her further injury; that she was hospitalized overnight and released the next day, driving her car to her home; all of which was aggravation to the injury she had received.

It developed that Mrs. Oatis, plaintiff's sick friend, was not a patient in Mercy Hospital and was not there. With the pleadings and this deposition before the court, defendant moved for summary judgment. The court informed that if defendant admitted the allegations of the complaint, and admitted plaintiff's testimony of the deposition, for the purpose of the motion, such admissions would be final and binding upon defendant thereafter. The court further stated that defendant could not make admissions solely for the purpose of the motion for summary judgment. This statement of the court, with which we do not agree, was off the record, but is related in defendant in error's brief and is not denied by plaintiff. Thereupon counsel withdrew the motion for summary judgment and the case progressed to a pretrial conference, at which defendant raised the legal question of plaintiff's status, claiming that she was a licensee; and also raised the question of her contributory negligence as a matter of law; and on these two propositions of law, if everything plaintiff had stated in her pleadings and deposition were true, she could not recover. The court requested arguments on these questions, which were had at a later date, and it was considered as if on motion for summary judgment, although the motion for summary judgment had been withdrawn when the court made the suggestions above noted. After argument, the court requested briefs from both parties. On April 24, 1951 the court entered its findings, order and decree based on plaintiff's testimony in the deposition, and held that she was a bare licensee; that there was no breach of duty owed by defendant to her as such; and, assuming the negligence charged and

testified to by plaintiff was true, it was not such a degree of negligence as would warrant a finding in her favor; and thereupon ordered summary judgment for the defendant and a dismissal of the complaint with prejudice.

Errors are specified, which are, in substance: That the court did not comply with the requirements of Rule 56, R.C.P. Colo. in granting summary judgment; that there are material facts in dispute; in granting a summary judgment upon its own motion; and in holding that plaintiff was a bare licensee instead of a business visitor or invitee; and further complaint, in the way of error, is specified in that the court determined there was a lack of reasonable effort on the part of plaintiff to ascertain the whereabouts of Mrs. Oatis; that the court erred in finding that plaintiff did not go directly to the information desk; that she commenced walking down a corridor before she was injured; and that the court did not consider plaintiff's evidence tending to prove she was injured by affirmative acts of defendant after her fall.

■ Complaint is made as to the procedure followed by the trial court in disposing of the case as on a motion for summary judgment which had been withdrawn and not renewed. A motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted was overruled after plaintiff had amended her complaint. A motion for summary judgment was withdrawn as hereinbefore indicated, upon the court having made certain suggestions relative thereto. The law questions again were presented at a pretrial conference and the court, desirous of hearing fully the positions of both parties, heard arguments, requested briefs, and the whole matter was treated as a motion for summary judgment. If it has the appearance of being of the court's own motion, it is of no prejudice to the plaintiff, because she was fully and finally heard on the questions presented and the court determined that from her pleadings and her own testimony, she could not maintain the action, and dismissed the complaint. A judgment of dismissal for failure to state

a claim upon which relief can be granted may be entered upon a motion for summary judgment, but such judgment must specifically disclose the inadequacy of the complaint. *Smith v. Mills*, 123 Colo. 11, 225 P. (2d) 483. The facts on which the trial court acted were uncontroverted, were not in dispute, and were, of course, the facts as pleaded and related by plaintiff, and there is no contention that upon a trial the facts would be different. In this, as in every other case, the facts pleaded must, on their face, be sufficient to sustain a cause of action. Here, plaintiff's right to recovery depended upon a preliminary determination of her status and of her contributing negligence as disclosed by the facts she presented. It was proper to consider these facts in the light of the law relative thereto.

It is contended by plaintiff that she was an invitee or business guest. To be an invitee, it was necessary to show that she went onto defendant's premises upon an express or implied invitation on business of mutual interest, or in connection with the owner's or occupant's business as there carried on. It is difficult to see how plaintiff's attempted visit to a person not in the hospital at all could be of mutual interest to defendant. Her proposed visit was purely that of her own interests and the interest of the patient she was attempting to visit; it had no relation to any business of defendant, and was of such a nature that defendant had no interest therein, beneficial or otherwise; consequently, plaintiff was "a bare licensee." On this very question hinges plaintiff's cause of action and defendant's liability, if any. If she was there on the express or implied invitation of defendant, it owed her the duty of care. If she was there, not as an invitee or business guest, the only duty upon defendant was to see that she was protected against the affliction of willful or intentional injury, and she took the premises as she found them. Counsel for plaintiff has made a strained attempt to show that in the visit of plaintiff, as well as in the visits of others, to the sick in hospitals, there is a mutuality

of interest on the part of the hospital. We do not agree with this contention. If there is such an interest on the part of defendant, it is so remote as to preclude the application of the rules concerning the duty involved on defendant as to the care of such persons to whom there is no greater duty than to avoid willful or wanton injury. Beyond all of this, in the case before us, how could the hospital authorities reasonably foresee that plaintiff would come upon its premises to visit a person who was not there, and in attempting such visit, would fail to make proper inquiry at the places designated for that purpose, it being undisputed that she did not know whether her friend was in defendant's hospital or not, and further knowing, according to her own words, that the hallway was so dark she could not see, and then attempting the use of such hallway in face of the conditions well known to her. She had the alternative of taking the risk or waiting to obtain information which would have disclosed that her friend was not in the hospital, and further waiting until the hallway was sufficiently lighted to insure her safety. As to plaintiff's assertion that under the circumstances defendant hospital invited her on its premises, we must first consider that it is inconceivable that a hospital would invite someone to visit a person who was not there; and in going upon the premises, plaintiff stated, she did not know whether it was during visiting hours or not, and if it was not during visiting hours, her visit was not even in the permissive class. Her invitation, if there was such, to visit a friend in a hospital, came from the friend and not the hospital. The hospital not having invited her, or induced her to come, or believe that the person she desired to visit was there, and having no mutual interest in the purpose of her visit, and she not being a customer, or there on any business of the hospital, we find no rule of law that would support her contention that she was on the premises as an invitee.

█ Plaintiff's testimony in her deposition contains facts that disclose the lack of due care on her part. She

said she was aware that the darkness was such as to keep her from seeing anything that might be there, and in face of that situation, she continued on, and said, "It was awfully dark," and was surprised that there were no lights there. This manifests a standard of care on her part that is below that contemplated by law, that being the standard of a reasonably prudent person. She had the opportunity of exercising her senses for her protection under the circumstances, and if she carelessly failed to do so, she must abide the consequences of that lack of care and she cannot expect legal sanction of her actions. While the trial court did not pass directly upon the question of plaintiff's contributory negligence and hold that same was a bar to her recovery, it could have done so with propriety where the facts, as here, were not in dispute. "It does become the duty of the court to determine, as a matter of law, whether a litigant is guilty of contributory negligence barring a recovery where all the evidence and the legitimate inferences to be drawn therefrom are not in dispute, and where the precise measure of plaintiff's duty is determinate and a rule of duty in a given situation is clearly defined." *Miller-DuPont, Inc. v. Service,* 120 Colo. 131, 143, 208 P. (2d) 87.

We find no prejudicial error resulting from the disposition of the questions here involved in whatever form they were presented, because the trial court afforded plaintiff every opportunity to present her arguments on those questions. In any event, it had the authority to decide the necessary questions of law and it appears from its finding and judgment that these questions, applied to the facts given by plaintiff, were properly resolved against her. It is obvious that a retrial would result in favor of defendant; therefore, we must affirm the judgment.

The judgment is affirmed.

Mr. Chief Justice Jackson and Mr. Justice Alter concur in the result.

Mr. Justice Stone not participating.