Opinion by
Mr. Justice McWilliams.
In view of the ultimate disposition of this controversy it becomes necessary to examine the complaint with particularity.
Welp brought the present action against Crews, Jensen and Normand, who will hereinafter be referred to as “the defendants,” and the various allegations in his complaint may be conveniently summarized as follows:
(1) that Welp on or about September 17, 1959, acquired and thereafter owned certain real property situate in the Hi Lin subdivision, County of Arapahoe, State of Colorado;
(2) that as of September 17, 1959, there was of record in Arapahoe County a certain instrument entitled “General Conditions, Stipulations, and Restrictive Covenants,” which had been recorded on February 10, 1955, and which applied to the aforementioned realty owned by Welp;
(3) that the defendants “are not, but have purported to act as a committee exercising authority under said instrument”;
(4) that the defendants “have forbidden the construction by the Plaintiff upon his own land of the house desired to be built by him, which house was in every way lawful and in accordance with the terms and provisions of said instrument”;
(5) that prior to September 17, 1959, the defendants purporting to act under the aforementioned instrument refused to approve and permit the construction of said house by Welp and in so doing they acted “arbitrarily, capriciously, and without authority”;
(6) that on September 17, 1959, Welp through his *111 present counsel directed a certain letter to the defendants and the chief building inspector for the County of Arapahoe, wherein they were advised, inter alia, as follows:
(a) that the defendants do not constitute a committee such as is provided for by the recorded General Conditions;
(b) the action of the defendants is both arbitrary and capricious;
(c) that “the interferences to date may have jeopardized a loan commitment now in existence for the construction of the improvements designed. If that commitment is interfered with by reason of changed interest rates our client will sustain loss in the amount of $3,000, of which you are hereby specifically put on notice.” and
(d) that “unless within ten days approval is given the plans heretofore submitted” litigation will be commenced by Welp, said contemplated litigation to include “claims for injunctive relief, claims for declaratory relief, and to annul all or substantial portions” of the General Conditions and also “claims for all monetary damage sustained.” (Emphasis supplied.)
(7) that upon receipt of this letter defendants initially indicated they would “cease interference” with Welp’s building plans, but thereafter apparently changed their minds and continued in their refusal to approve Welp’s proposed construction;
(8) that defendants “importuned” the chief building inspector for Arapahoe County to refuse to issue Welp a building permit, but notwithstanding these importunements such building permit was in fact issued him on October 23, 1959; and
(9) “that by reason of the acts of the Defendants and the delays incident ¡thereto, the plaintiff lost a loan commitment upon the building of the said premises, and was unable to build the same, and has been unable to utilize and use his lots, and has had the title thereto substantially interfered with and impaired, to his dam *112 age in the amount of $10,000” * * * and further that “plaintiff is entitled to exemplary damages in the amount of $10,000.”
In response to this complaint defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. However, prior to any hearing on this motion, defendants filed their motion for summary judgment, and as grounds therefor averred “that from the pleadings, depositions, answers to interrogatories and affidavits, it appears that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law.”
This motion for summary judgment was granted and the trial court by appropriate judgment dismissed Welp’s complaint. By the present writ of error Welp seeks reversal of the judgment.
The evidentiary matters which were before the trial court in connection with this motion for a summary judgment consisted of an affidavit by one Goodman and the depositions of Welp and one Newland. In his affidavit Goodman, the chief building inspector for Arapahoe County, declared that he had not been “importuned” by the defendants, or any of them, and in fact had never even met or talked with any of them. Goodman further declared that on October 23, 1959, he issued a building permit to Welp, even though the “architectural committee on behalf of the residents of Hi-Lin Subdivision, Arapahoe County, Colorado, did not approve plaintiff’s plans which were the basis of the permit.”
In his deposition Welp admitted that as early as September 1959, he “unofficially” had a loan commitment from the Equitable Life Assurance Society of the United States, hereinafter referred to as Equitable, and that a written loan commitment from Equitable was subsequently delivered him on October 20, 1959. He further verified that he in fact did obtain a building permit from the chief building inspector for Arapahoe County on *113 October 23, 1959, and indicated that in his opinion having acquired his financing and a building permit there was “nothing more necessary to enable him to commence construction.” He added, however, that under the circumstances he was still disinclined to begin construction, even though perhaps he had the legal right to do so.
In his deposition Newland, the Resident Mortgage Loan Supervisor for Equitable, stated that Welp applied for a $21,000 loan and he confirmed the fact that his company acted favorably upon Welp’s application and actually issued a loan commitment to Welp on October 20, 1959. He also stated that this particular commitment by its express terms and conditions required Welp to begin construction within ninety days after October 23, 1959, and thereafter to complete the construction within nine months from that date. In the instant case Newland testified that the loan commitment was withdrawn some time after January 20, 1960, because of Welp’s failure to begin construction within ninety days after the issuance of the commitment.
On this state of the record the trial court granted the defendants’ motion for a summary judgment with the general observation that “there is no genuine issue as to any material fact and no cause of action is maintainable by plaintiff against defendants herein.”
It is the position of the defendants that the gravamen of the complaint is that Welp “lost a loan commitment” because of the defendants’ acts, and that this allegation is completely negated by Welp’s own deposition, together with that of the loan officer for Equitable. Defendants contend that instead of losing a loan commitment Welp actually received a loan commitment on October 23, 1959, even though defendants had theretofore disapproved his building plans, and that this commitment was eventually withdrawn solely because Welp decided not to start construction, and not because of any act of the defendants.
*114 Welp counters with the argument that the relief afforded by Rule 56, Colo, R.C.P. is of a rather drastic nature, therefore should be used sparingly and only in the clearest of cases. See, for example, Hatfield v. Barnes, 115 Colo. 30, 168 P. (2d) 552. It is additionally suggested that in the instant case the action of the trial court was premature in that when this motion for summary judgment was granted there was pending a motion to dismiss and the defendants had not filed an answer. We do not agree with this suggestion and Rule 56, Colo. R.C.P. does not require that a defendant plead before he files a motion for summary judgment.
Moore’s Federal Practice, 2nd Ed. volume 6, page 2049, reads as follows: “Furthermore, since Rule 56(b) authorizes a motion for summary judgment by the defendant ‘at any time’, and since the theory of the motion is that the defending party is entitled to judgment as a matter of law, there is normally no necessity to serve an answer, whose function is to develop issues, until the motion for summary judgment is disposed of.” In support of the proposition that a defendant may interpose a motion for summary judgment “at any time” see Gifford v. Travelers Protective Ass’n, 153 Fed (2d) 209.
We now hold that under the circumstances set forth above, the trial court was correct in granting defendants’ motion for a summary judgment. In his brief Welp freely concedes that his complaint against these defendants is that he “lost a loan commitment and was unable to build on the premises and utilize his lots, and accordingly was damaged in the amount of $10,000.” It is deemed worthy of at least passing comment to note that Welp sought no injunctive relief of any type, nor did he want any declaration of his rights, nor did he seek to oust the defendants from the positions which he alleges they had usurped. Rather he sought merely money damages, alleging that defendants’ actions caused him to lose a loan commitment.
*115 Welp’s deposition and that of Newland effectively negate the allegation that Welp lost a commitment because of any act of the defendants. On the contrary, from these depositions it is quite clear that as early as September 1959 Welp had a tentative loan commitment from Equitable, and that even though the defendants declined to approve his building plans he nonetheless received a written loan commitment from the insurance company on October 20, 1959, and a building permit on October 23, 1959. Thereafter, this loan commitment was not “lost” but was in full force and effect until it expired under its own terms. For personal reasons, which may or may not have been legally sufficient, Welp declined to begin construction or to exercise his rights under the loan commitment. In any event it was his decision and under such circumstances the loan commitment was not “lost” as a result of any action on the part of the defendants.
The judgment is affirmed.
Mr. Chief Justice Day and Mr. Justice Moore concur.