Opinion by
Mr. Justice Hall.
The parties appear here in the same order as in the trial court. We refer to them as plaintiffs and defendants.
From the record before us it appears that on Novem *534 ber 18, 1958, plaintiffs sold to defendants ranch property in Eagle County. As part of the purchase price defendants executed and delivered to plaintiffs their promissory note in the amount of $52,000.00 payable in sixty days. This note was secured by a second mortgage on the property purchased.
It also appears that at the time of the sale of the ranch and as a part of the same transaction, the plaintiffs offered and agreed to sell to defendants hay on- the ranch, machinery and other personal property for the sum of $9723.94. It is not clear from the record that defendants agreed to purchase this property or to pay the above amount.
No payments were made on the note or for the hay, etc., until May 4, 1959, at which time Van Schaack and Co., acting in behalf of defendants, transmitted to plaintiffs the sum of $42,254.35. Plaintiffs applied this payment, the defendants contend improperly, to satisfy their claim of $9723.94, and applied the balance on the $52,000.00 note. On July 24, 1959, Van Schaack and Co. transmitted to plaintiffs an additional sum of $7650.43, which was properly applied as payment on the $52,000.00 note.
Having applied the two payments as aforesaid, the open account for the hay, etc., was paid in full, and according to plaintiffs there remained a balance on the note of some $13,000.00. No further payments were made.
On February 3, 1960, plaintiffs commenced this action. For a first claim they seek to recover some $13,000.00 balance alleged to be due on the note and to foreclose on the mortgage securing such amount; for a second claim, they seek to recover damages for failure of defendants to pay taxes and payments that they had assumed and agreed to pay on a first mortgage on the real property. This second claim was dismissed for the reason that it did not state a claim upon which relief could be granted.
*535 On April 18, 1960, the defendants filed their answer, admitted giving the note, and alleged that the amounts transmitted by Van Schaack and Co. were payments made on the note, leaving an unpaid balance on the note of $2,095.22, which they admitted owing and offered to pay.
On May 31, 1960, plaintiffs filed a motion for an order permitting them to amend their complaint, for the reason that it “now appears that plaintiffs have three separate claims against the defendants.”
With this motion plaintiffs tendered an amended complaint containing three claims, as follows:
1. For $2,095.22, due on the $52,000.00 note and foreclosure.
2. For $9,723.94, due on the open account for hay, etc.
3. For damages because of the failure of defendants to make payments on the first mortgage which they had assumed and agreed to pay. (This claim is the same as the second claim in the original complaint which claim was dismissed. During arguments and before ruling on the motion to amend, this claim was withdrawn by plaintiffs.)
On June 3, 1960, defendants filed what is designated as “MOTION TO CONTINUE HEARING AND OBJECTIONS TO FILING AMENDED COMPLAINT.”
Objections stated are:
1. The application is not in apt time.
2. The amended complaint incorporates an entirely new cause of action.
3. The amended complaint seeks to reinstate a claim (second claim of original complaint) stricken from the original complaint.
On November 25, 1960, hearing was had on the objections. Plaintiffs’ counsel advised the court that at the time the original complaint was drawn, he had no knowledge that Van Schaack and Co. had directed the payments to be applied on the notes; that he believed the open account to have been paid; that he desired to *536 amend so that his complaint might not contain an untruth and so that it would speak the complete truth.
Counsel for defendants objected to the third claim for the reason that it had been stricken from the original complaint — 'plaintiffs promptly agreed to withdraw it from the tendered amended complaint. Defendants’ counsel also objected to the injection in the case of a new claim for the hay, etc.
Thereupon the court stated:
“Let the record show that the motion of the plaintiff for an order permitting plaintiff to file an amended complaint is denied.”
No explanation was made for the ruling. Rule No. 15, R.C.P. Colo., providing for amendments and that “leave [to amend] shall be freely given when justice so requires,” was wholly disregarded. It is difficult to contemplate a situation calling more loudly for an amendment. Certainly a litigant should not be precluded from speaking the truth, and yet that was the effect of the order denying the amendment. Plaintiffs were thus confronted with the problem of seeking to prove an alleged indebtedness of $13,000.00 when they knew it was only $2095.22; and were denied the right to prove another indebtedness of some $9000.00 for the reason that they had not alleged it as a claim.
Trial was had on June 28, 1961. The outcome was a foregone conclusion. There was no dispute — plaintiffs admitted the receipt of payments reducing the debt on the note to $2095.22; defendants admitting owing that amount, and on July 20,. 1961, judgment was entered for that amount.
In the record before us are 165 folios of testimony, offers, objections, bickerings and rulings, designed to prove only that to which the parties agreed, namely, that there was an unpaid balance of $2095.22 due to plaintiffs from defendants on the $52,000.00 note.
Had the amendment been allowed and the defendants *537 admitted the first claim for $2095.22, as they had in answering the original complaint, judgment could have entered thereon without one word of testimony.
On July 10, 1961, after trial and before formal judgment was entered, plaintiffs filed a motion to amend their complaint to conform to the evidence. This proposed amendment embodied their claim for $9,723.94. The record does not indicate that this motion was ever ruled upon; however, entry of judgment for $2095.22 might well indicate that the court did not look upon the motion with favor. Nor do we. Counsel contend that their claim for $9723.94 for hay, etc., was fully litigated. We find nothing in the record to justify such conclusion.
In making up the pleadings the court had very definitely said it should not be litigated. Counsel for defendants repeatedly objected to all efforts to inject the matter into the case. Certainly there is nothing in the record to indicate that defendants owe plaintiffs $9,723.94, or any other sum for hay, etc. By no means do we mean to infer that they do not owe such amount, but only that the record as made does not disclose such indebtedness, and even if the amendment had been made, we would have to hold that the claim had not been proved — plaintiffs were repeatedly rebuffed in their efforts to allege or prove the claim.
For the future guidance of court and counsel, we expressly hold that matters set forth in plaintiffs’ claim for $9,723.94 are not pleaded, remain untried and unadjudicated.
The judgment on plaintiffs’ claim for the balance due on the $52,000.00 note is in accordance with the agreement and understanding of the parties, and is affirmed.
The trial court erred in denying plaintiffs’ motion for leave to file an amended complaint. The first claim in the amended complaint tendered is fully disposed of by the judgment herein. The third claim was *538 withdrawn. This leaves only the second claim, on which plaintiffs seek to recover from defendants the sum of $9,723.94 for personal and other property therein enumerated, alleged to have been sold and delivered by them to defendants.
The judgment is affirmed as to the first and third claims, and reversed as to the second claim, and the cause remanded with directions to the trial court to permit the filing of the amended complaint as to the second claim, and that defendants be granted ten days to plead or twenty days to answer thereto, and that further proceedings be had consistent with the views herein expressed.
Mr. Justice Sutton and Mr. Justice Pringle concur.