No. 24524.

McKinley Construction Co., a Colorado corporation
v. J. C. Dozier.
(487 P.2d 1335)

Decided August 16, 1971. Rehearing denied September 7, 1971.

Paul Barber, for plaintiff in error.

Simon, Eason, Hoyt & Malone, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

This writ of error is brought by the McKinley Construction Co., hereinafter referred to as the plaintiff in error, from the granting of Dozier's motion for summary judgment. Dozier will be referred to by name. The plaintiff in error took this claim by assignment from Ira E. McKinley, who will be referred to by name.

Since there was no testimony taken in the case, we must determine the posture of the case as it went before the trial judge on the basis of the pleadings, the affidavits, the interrogatories and answers thereto, and the depositions which are in the record. From these sources, it appears that on May 19, 1962, McKinley and Dozier entered into two land sales contracts whereby Dozier agreed to sell two parcels of land which he owned and which lay adjacent to U.S. Highway 285. One of the parcels was described as lying north of the highway and as containing 760 acres, more or less. The second parcel was described as lying south of the highway and as containing 1110 acres, more or less.

On July 3, 1962, the closing date for both contracts, McKinley elected to close only the contract for the north parcel. Thereupon, a new contract containing an option to purchase the south parcel was entered into, using the same legal description and amount of acreage as in the original contract.

Prior to the closing date of December 15, 1962, it was discovered that the south parcel included only 1062 acres instead of the 1110 acres described in the contract. McKinley thereupon refused to close the deal. He states in his affidavit that his reason for such refusal was that Dozier refused to abate the purchase price to reflect the shortage in the deal offered to be conveyed. McKinley requested the return of his deposit, but Dozier claimed the amount as liquidated damages. McKinley thereupon assigned his claim to the plaintiff in error and suit was brought to recover the deposit. Dozier answered the

complaint by contending, among other things, that the two original contracts were really for only one tract of land and that he was willing to convey to McKinley all that remained of that tract after the first conveyance had been made to McKinley. Dozier contends that errors made in the description constituted a mere overlapping of territory, and that the specific amounts of acreage stated in the deed were not material to the agreement of the parties.

Dozier raised several further defenses in the trial court which were not ruled upon there when the trial court granted the motion for summary judgment. Dozier treats these defenses as having been denied by the trial court and assigns them as cross-error. However, since the trial court has not yet ruled upon those defenses, they cannot be considered here at this time.

The only question before us is whether the trial court was correct in concluding that there were no genuine issues of material fact to be tried. We conclude that there was such an issue and reverse the trial court's judgment.

 In the trial court, Dozier's motion for summary judgment was based upon the proposition that it was the parcel itself located on both sides of the highway rather than the exact number of acres that was bargained for in the first and second contracts and thus the third contract was necessarily only an agreement to convey to McKinley that which remained in the tract after the first conveyance. McKinley, in his affidavit in traverse, however, claims that that he had bargained for 760 acres in the first contract and for 1110 acres in the second and third contracts, and that the amount of acreage was a relevant and material part of the agreement between the parties. We feel this conflict regarding what the parties actually bargained for is a genuine issue of material fact which should be determined by a fact finding body after both parties have presented evidence in support of their respective positions.

A summary judgment denies a litigant the right to a trial of his case, and should therefore not be granted where there appears to be any controversy concerning the material facts. *Smith v. Mills,* 123 Colo. 11, 225 P.2d 483. It may or may not develop under the evidence that the defendant in error is entitled to prevail as a matter of law; but such a determination cannot be made at this juncture.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views above stated.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.