558 P.2d 581 (1976)
Beth Ellen VAN SCHAACK, special Administratrix of the Estate of Henry C. Van Schaack (by substitution for Henry C. Van Schaack, Deceased), Plaintiff-Appellant,
Beth Ellen Van Schaack, Individually, Intervenor-Appellant,
v.
Allan R. PHIPPS and Van Schaack Corporation, Defendants-Appellees.
No. 75-573.
Colorado Court of Appeals, Div. II.
July 22, 1976.
As Modified on Denial of Rehearing November 4, 1976.
*582 *583 Clark, Martin & Pringle, Bruce D. Pringle, Warren O. Martin, Denver, for plaintiff-appellant.
Neef, Swanson & Myer, Fred E. Neef, David C. Miller, Denver, for defendants-appellees.
COYTE, Judge.
Plaintiff, Beth Ellen Van Schaack, (Beth Ellen) as special administratrix of the Estate of Henry C. Van Schaack, Jr., (Henry) and in her individual capacity as intervenor, appeals from the dismissal of a purported shareholder's derivative action originally brought pursuant to C.R.C.P. 23.1 by her husband Henry against defendants Allan R. Phipps and the Van Schaack Corporation on January 29, 1973. We reverse.
The suit was based on an alleged oral agreement between defendants by the terms of which Phipps agreed to advance to the corporation $87,500 in exchange for 350 shares of its capital stock, which were to be transferred back to the corporation upon repayment to him of the amount advanced, plus any interest and costs. The initial complaint alleged that Henry was a shareholder at the time of the transaction complained of and that, subsequent thereto, he urged the board of directors and separate members thereof to pursue a claim against Phipps seeking retransfer of the stock, but that on November 15, 1972, the board by a split vote formally decided not to pursue that claim. The complaint further asserted that Henry would fairly and adequately represent the interests of similarly situated shareholders. Plaintiff therefore prayed for an order of court directing Phipps to retransfer the 350 shares of stock to the defendant corporation upon tender of the amount he had advanced plus interest and costs.
Phipps' answer admitted that Henry "is a shareholder of the Van Schaack Corporation" but denied any agreement to retransfer the stock, and asserted various affirmative defenses to the action.
Thereafter, on August 19, 1974, Phipps filed a statement of death of plaintiff pursuant to C.R.C.P. 25(a) noting the death of Henry on August 6, 1974. He alleged that Beth Ellen had been appointed special administratrix of Henry's estate, that she had filed an inventory certifying under oath that at the time of Henry's death he owned no corporate stock of any kind, and that she had not inventoried any shares of the Van Schaack Corporation as an asset of Henry's estate and that therefore no party plaintiff existed with standing to bring the within suit.
*584 Subsequently, on September 3, 1974, Beth Ellen, individually and as special administratrix filed a motion requesting that she be substituted as a party plaintiff and that she be allowed to intervene as a party plaintiff since she was "at all times pertinent hereto an owner of stock in the Van Schaack Corporation and has, therefore, the same interest in pursuing the claim on behalf of the corporation as did the decedent." The motion was granted and pre-trial discovery commenced.
Then, on May 14, 1975, the court granted defendant's motion to dismiss without prejudice, on the ground that Henry's complaint had not been verified pursuant to C.R.C.P. 23.1 and that it did not allege any demand upon the shareholders for relief prior to the institution of suit, or, in the alternative, state with particularity why the complainant could not seek such relief from the shareholders.
Beth Ellen thereupon filed a motion to amend the original complaint, which amended complaint as submitted to the court supplied the allegations lacking in the original complaint. The amended complaint was personally verified by Beth Ellen, both in her individual capacity and as special administratrix of Henry's estate. The caption of the complaint shows Henry to be plaintiff. However, the order allowing her to be substituted as plaintiff and intervenor had been entered and we will therefore consider the complaint as though the correct caption were used. The court denied the motion to amend and it is from both the order of dismissal and the denial of the motion to amend that plaintiff Beth Ellen in her individual and representative capacity appeals.
On appeal, she initially alleges that the court erred in basing its dismissal of the original complaint on the lack of verification. We agree. While the original complaint, as filed, had not been verified, a notarized verification of the complaint which had been signed and verified by plaintiff Henry on November 21, 1972, was filed with the court on May 16, 1975. Furthermore, Phipps failed to raise the issue until some two and one-half years after the complaint was filed and therefore waived the defect. Hence, the trial court erred in dismissing plaintiff's complaint on the ground that the verification required by C.R.C.P. 23.1 was lacking.
Beth Ellen next contends that, in the posture of the instant case, the order of the court dismissing the complaint must be considered as an order granting summary judgment to defendant, and that therefore our review must be directed to whether the depositions and other discovery documents on file with the court raised any genuine issue of material facts sufficient to preclude entry of summary judgment. As the basis for her position, she notes that, in the order of dismissal, the court stated that its determination was based on arguments of counsel, depositions and exhibits presented at the hearing, and legal authorities cited in support thereof. She therefore argues that, under C.R.C.P. 12(c), the dismissal must be considered as a ruling on a motion for summary judgment. We agree.
C.R.C.P. 12(c) provides that:
"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Here, while Phipps' motion was denominated a "motion to dismiss complaint for noncompliance by either substitute plaintiff or original plaintiff with Rule 23.1, Colorado Rules of Civil Procedure," the thrust of the motion was that plaintiff's complaint failed to state a claim for which relief could be granted, since Henry had neglected to raise the statutorily required allegations in his original complaint and therefore lacked standing to bring the suit. Furthermore, Phipps' motion was filed after the filing of *585 the initial responsible pleading and the completion of intensive pre-trial discovery.
The record before the trial court, which it considered in ruling on the motion to dismiss, contained substantial material in the form of depositions and deposition exhibits. In argument on the motion, counsel quoted from the said depositions and deposition exhibits, and the court considered all relevant material contained in the exhibits or depositions. Hence, the action taken by the court must be considered a ruling on a motion for summary judgment under C.R. C.P. 12(c), which can be made "at any time." Welp v. Crews, 149 Colo. 109, 368 P.2d 426. And, accordingly, whether the court committed reversible error in granting the motion for dismissal must be tested against the legal criteria for granting a motion for summary judgment.
The general rule is that a case is properly determined on a motion for summary judgment where the pleadings, the affidavits, and the depositions filed in the matter show that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. Nicks v. Electron Corp., 29 Colo.App. 114, 478 P.2d 683. A judgment of dismissal for failure to state a claim upon which relief can be granted may be entered upon a motion for summary judgment. Field v. Sisters of Mercy, 126 Colo. 1, 245 P.2d 1167; Smith v. Mills, 123 Colo. 11, 225 P.2d 483. But such judgment must specifically disclose that there is no genuine issue as to any material fact relating to the adequacy of the complaint. Field, supra; Smith, supra.
C.R.C.P. 23.1 provides:
"In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . . the complaint. . . shall . . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires . . . from the shareholders. . . and the reasons for his failure to obtain the action or for not making the effort."
Obviously, these requirements are mandatory. In order to pursue a shareholder's derivative action, compliance must be shown on the face of the complaint. Bell v. Arnold, 175 Colo. 277, 487 P.2d 545. Where it is obvious from the face of the complaint that the requisite demand upon shareholders was not made and no explanation for the lack of demand is offered, an action by the stockholder will not lie. Smith v. Bulkley, 18 Colo.App. 227, 70 P. 958.
Most courts, however, have held that demand upon shareholders is excused when the allegations in plaintiff's complaint are of such a nature and are stated with sufficient particularity as to indicate that such demand would be futile. Bell, supra; 3B J. Moore, Federal Practice ¶ 23.1.19 (2d ed.); Annot., 48 A.L.R.3d 595. Thus, if the depositions and exhibits reviewed by the court prior to its decision on Phipps' motion to dismiss placed in issue the fact that a shareholder demand by plaintiff Henry would have been futile, summary judgment was improperly granted.
The record before the trial court at the time of the hearing revealed that the transaction which was the basis of this suit was approved by the board of directors on November 23, 1966. The record further indicates that those directors either initially voting in favor of the original transaction between the corporation and Phipps or later voting not to pursue any action to recover the disputed corporate shares from Phipps, held the controlling interest in the corporation and were presumably antagonistic to Henry's position. And, where directors and controlling shareholders are antagonistic, a demand upon them is presumptively futile and no demand need be made. Cathedral Estates v. Taft Realty Corp., 228 F.2d 85 (2d Cir. 1955).
Hence, the record before the trial court at the time of the hearing raises a genuine issue of fact, i. e., whether the controlling shareholders were sufficiently adverse to plaintiff Henry as to render futile *586 a demand upon them for satisfaction prior to suit. Where the fact of the futility of a shareholder demand is placed in issue by the depositions and exhibits in the court file, it is error to grant summary judgment on the ground that plaintiff's complaint fails to allege the demand for shareholder relief required by C.R.C.P. 23.1. As stated in McKinley v. Dozier, 175 Colo. 397, 487 P.2d 1335:
"A summary judgment denies a litigant the right to a trial of his case, and should therefore not be granted where there appears to be any controversy concerning the material facts. Smith v. Mills, 123 Colo. 11, 225 P.2d 483. It may or may not develop under the evidence that the defendant in error is entitled to prevail as a matter of law; but such a determination cannot be made at this juncture."
Finally, Beth Ellen assigns error to the ruling of the court, subsequent to its dismissal of Henry's original complaint, denying her motion to file an amended complaint in order to cure the defects in the original. We agree.
Under C.R.C.P. 15, after responsive pleadings have been filed, amendments may be made only by the leave of court. Fladung v. City of Boulder, 165 Colo. 244, 438 P.2d 688. However, leave to amend should be freely granted. Coffman v. Tate, 151 Colo. 533, 379 P.2d 399; Platte Valley Motor Co. v. Wagner, 130 Colo. 365, 278 P.2d 870. The rationale behind this rule is that a substantial right should never be sacrificed to mere form. Green v. Davis, 67 Colo. 52, 185 P. 369.
In this case, though the amended complaint submitted by Beth Ellen failed to list her as plaintiff, she had been substituted as plaintiff by order of the court in her capacity as special administratrix of Henry's estate and as an intervenor. The allegations in the amended complaint relating to continuous and current ownership "by plaintiff" of the stock in the corporation must be read to apply to both Beth Ellen and Henry. Furthermore, Beth Ellen attached to her amended complaint a verification of the complaint which she made both in her representative capacity and as an intervenor.
And, since dismissal without the right to amend could preclude plaintiff from ever asserting her claim for relief since it would be barred by the statute of limitations, we hold that the court abused its discretion in denying plaintiff's motion to file an amended complaint. The general rule in Colorado is well stated in Smith v. Mills, supra, as follows:
"While a judgment of dismissal for failure to state a claim upon which the relief may be granted may . . . be entered upon a motion for summary judgment. . . such judgment must specifically disclose the inadequacy of the complaint as the ground therefor, and permission to amend should be given where there is a possibility by amendment of an adequate statement of claim." (emphasis supplied)
Judgment reversed and cause remanded with directions to the trial court to permit the filing of the amended complaint and that defendants be granted ten days to plead or twenty days to answer thereto, and that further proceedings be had consistent with the views herein expressed.
SILVERSTEIN, C. J., and SMITH, J., concur.