William A. O'NEIL, Plaintiff–Appellant,

v.

WOLPOFF & ABRAMSON, L.L.P.,
Defendant–Appellee.

No. 08CA1461.

Colorado Court of Appeals,
Div. V.

April 2, 2009.

Paul F. Miller, Grand Junction, Colorado, for Plaintiff–Appellant.

Law Offices of Bennett S. Aisenberg, P.C., Bennett S. Aisenberg, H. Paul Himes, Jr., Denver, Colorado; Law Offices of Ronald S. Canter, L.L.C., Ronald S. Canter, Rockville, Maryland, for Defendant–Appellee.

Opinion by Judge GRAHAM.

Plaintiff, William A. O'Neil, appeals the trial court's summary judgment for defen-

dant, Wolpoff & Abramson, L.L.P., on the ground that prior federal court litigation precluded plaintiff's claims. We reverse and remand with directions.

Defendant is a multi-state law firm practicing primarily in the field of debt collection. In 2006, plaintiff filed a complaint against defendant in the United States District Court for the District of Colorado, alleging that a series of debt collection telephone calls made to plaintiff's cell phone by agents of defendant violated the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, entitling him to monetary relief.

In May 2007, the parties settled the FDCPA claims. Approximately one week after entering into the settlement agreement, plaintiff moved for leave to amend his complaint to assert violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

When a dispute arose concerning compliance with the settlement terms, defendant moved the U.S. District Court to enforce the settlement agreement. Following an evidentiary hearing before a magistrate judge, the U.S. District Court granted defendant's motion to enforce the settlement agreement in October 2007. In its order granting defendant's motion, the U.S. District Court denied plaintiff's motion for leave to amend his complaint because the request was untimely and plaintiff failed to show "good cause to amend the Scheduling Order to allow him to assert new claims at this juncture." However, the court noted in its order that "[a]s to claims under the Telephone Consumer Protection Act, the settlement agreement explicitly does not resolve such claims and does not prevent Mr. O'Neil from asserting such claims in the future."

In December 2007, plaintiff filed his complaint in the instant state court case, asserting claims under the TCPA. Plaintiff and defendant filed cross-motions for summary judgment. Defendant moved for summary judgment on two grounds: (1) plaintiff's TCPA claims were barred by the doctrine of claim preclusion; and (2) plaintiff's claims were barred by the applicable statute of limitations. The trial court granted defendant's motion for summary judgment on the basis of claim preclusion, finding that plaintiff's TCPA claims arose from the same set of operative facts as the FDCPA claims and could have been asserted in the federal court litigation. The trial court did not consider defendant's argument that the TCPA claims were barred by the applicable statute of limitations.

This appeal followed.

## I. Standard of Review

Under C.R.C.P. 56(c), summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *W. Elk Ranch, L.L.C. v. United States,* 65 P.3d 479, 481 (Colo.2002). We review a summary judgment de novo. *Id.*

The moving party has the initial burden to show that there is no genuine issue of material fact. *Cont'l Air Lines, Inc. v. Keenan,* 731 P.2d 708, 712 (Colo.1987). The nonmoving party is then required to establish that there is a material issue of fact. *Id.* at 713. The nonmoving party is entitled to the benefit of all favorable inferences reasonably drawn from the facts, and all doubts must be resolved against the moving party. *Brodeur v. Am. Home Assurance Co.,* 169 P.3d 139, 146 (Colo.2007); *Clementi v. Nationwide Mut. Fire Ins. Co.,* 16 P.3d 223, 225–26 (Colo. 2001).

## II. Claim Preclusion

Plaintiff argues that claim preclusion is not a bar to his claims. The basis for this argument is not entirely clear, but plaintiff appears to advance three main contentions: (1) the U.S. District Court order and the settlement agreement excluded the TCPA claims; (2) the claims asserted in the federal court litigation were "not identical" to the TCPA claims asserted in this case; and (3) the U.S. District Court lacked jurisdiction over the TCPA claims. We agree that the final judgment in the federal case, as reflected in the U.S. District Court's order construing the settlement agreement, did not encompass plaintiff's TCPA claims and thus did not pre-

clude plaintiff from asserting them in state court.

■ Claim preclusion works to preclude relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). For a claim in a second judicial proceeding to be precluded by the prior proceeding, there must exist (1) finality of the first judgment, (2) identity of the subject matter, (3) identity of the claims for relief, and (4) identity or privity between the parties to the actions. *Id.*

■ Additionally, where the prior judgment was entered based on a settlement between the parties, our analysis must be guided by the terms of the settlement. The terms of that agreement provide the basis for and are incorporated into the judgment. *See DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo.App.2001) (holding that a settlement agreement is a contract to end judicial proceedings). Also, it is a long-standing rule that a settlement agreement can be governed by and found enforceable under common law contract principles. *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008). Thus it follows that when claim preclusion is asserted on the basis of a settlement agreement, the scope of the preclusive effect of the settlement agreement should be determined according to the intent of the parties ascertained from the plain and unambiguous language of the settlement agreement. *See Ford v. Roberts*, 14 Colo. 291, 291, 23 P. 322, 322 (1890) (holding that dismissal of a suit by stipulation of the parties bars another action on the same demand, unless the right to sue again is reserved by the plaintiff); *see also Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir.2004) (concluding that "the scope of the preclusive effect [of a settlement agreement] should not be determined by the claims specified in the original complaint, but instead by the terms of the [s]ettlement [a]greement, as interpreted according to traditional principles of contract law"); *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir.1993) ("The basically contrac-

tual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties." (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4443, at 384 (1st ed.1981))).

■ We conclude that there was no final judgment on plaintiff's TCPA claims and those claims were specifically preserved, if not by the express terms of the settlement agreement, then by the express terms of the federal court's order. First, the U.S. District Court's order is part of the final judgment and specifically excludes TCPA claims. Second, while there is no signed settlement agreement in the record before us, there is an unsigned copy of the settlement agreement which was apparently relied upon by the U.S. District Court when it concluded that "the settlement agreement specifically excluded" plaintiff's TCPA claims.

The U.S. District Court's order enforcing the settlement agreement unequivocally states that the terms of the settlement agreement exclude TCPA claims, leaving plaintiff free to assert the TCPA claims in the future. The order twice notes that the magistrate judge, after an evidentiary hearing, found that "the TCPA claims were not part of this settlement." The order further states that the parties "*agree* that the settlement agreement *excludes* claims which could be asserted under the [TCPA]" (emphasis added). Finally, the order clarifies that "[a]s to claims under the [TCPA], the settlement agreement explicitly does not resolve such claims and does not prevent [plaintiff] from asserting such claims in the future."

It is apparent from the order that in reaching its conclusions, the U.S. District Court determined that the parties unambiguously intended to exclude the TCPA claims from the agreement.

The unsigned copy of the settlement agreement in the record before us, attached as an appendix to plaintiff's December 2007 complaint in this case, corroborates the U.S. District Court's order. While it is unclear whether this document is the settlement agreement that was enforced by the U.S.

District Court, it specifies that "the parties attempted settlement of Plaintiff's TCPA ... claims, but no agreement could be reached." Further, the unsigned copy of the settlement agreement states that "no claim" other than the FDCPA claims enumerated in the agreement was "discussed, or specifically and individually settled."

More important, defendant does not dispute that the settlement agreement excludes plaintiff's TCPA claims, and instead argues that because plaintiff could have raised the claims in the federal court litigation, they are precluded here. In its motion for summary judgment, defendant acknowledged that "a settlement was reached in the Federal case, disposing of all but Plaintiff's theoretical TCPA claims." Defendant also submitted the U.S. District Court order to the trial court as part of its motion for summary judgment.

On the strength of this record, we must conclude that the trial court did not have an adequate basis for granting summary judgment. Affording plaintiff the benefit of all favorable inferences reasonably drawn from the facts, and resolving all doubts against defendant, there is sufficient evidence in the record to conclude that the parties did not intend the settlement agreement to preclude plaintiff from later asserting his TCPA claims and in fact resolved that such claims were preserved. The U.S. District Court's order unequivocally states that the intent of the parties was to exclude the TCPA claims from the settlement agreement. Also, because the order itself is part of the final judgment, we must conclude that it does not represent a final judgment on plaintiff's TCPA claims. At minimum, there is sufficient evidence in the record to present a genuine issue of material fact. Accordingly, the trial court erred in granting summary judgment in favor of defendant on the basis of claim preclusion.

### III. Statute of Limitations

Defendant urges us to affirm the trial court's summary judgment on the alternative ground that the applicable statute of limitations bars plaintiff's claims. However, the trial court did not make findings of fact, reach conclusions of law, or otherwise rule on the statute of limitations defense in the order that is the subject of this appeal. When a trial court grants a defendant's motion for summary judgment, but does not rule on one or more defenses asserted by defendant, a reviewing court may decline to consider those defenses. *See McKinley Constr. Co. v. Dozier,* 175 Colo. 397, 487 P.2d 1335, 1336 (1971).

Additionally, it is unclear from the record whether the statute of limitations question may be resolved without further factual finding. Accordingly, we do not address defendant's arguments concerning the statute of limitations here. Defendant may reassert the statute of limitations defense upon remand of this case to the trial court.

### IV. Conclusion

In light of our conclusion that the settlement agreement excluded plaintiff's TCPA claims and did not preclude this action, we need not reach plaintiff's other contentions concerning claim preclusion.

The trial court's summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Judge BERNARD and Judge BOORAS concur.