## THE STATE v. EATHERLY, Appellant.

**Division Two, December 13, 1904.**

1. **PRACTICE: Instructions Not Preserved in Record.** Instructions which are not preserved in the record are not before the appellate court for review, and can not be considered.

2. ————: **Improper Remarks of Court to Jury.** After the jury had been deliberating for three hours, the court directed the sheriff to bring them into open court, and thereupon the following proceedings occurred: The court said to the jury, "Gentlemen, have you agreed upon a verdict?" and this question having been answered in the negative, the court then said, "Gentlemen, you must agree; the court can't try these cases twice." And the court then said to the sheriff in the presence of the jury: "Take the jury in charge, give them their meals,

and prepare them a room;" then addressing the jury further,
said: "If you can agree by to-morrow morning at eight o'clock,
I will come and receive your verdict; if you don't agree by that
time, when you do agree, you will place your verdict with the
instructions in an envelope and seal it up and hand it to the
sheriff; court will be open Monday and ·Tuesday, and another
day next week, and it will then adjourn until November 1st,
when I will not be here, and it will then adjourn until December
1st, when I will be here," and then the court repeated to the
jury: "If you agree by to-morrow morning by eight o'clock, I
will come and receive your verdict, and if you have not agreed
by that time, you will, when you do agree, place your verdict
with the instructions in an envelope and seal it up and deliver it
to the sheriff," to all of which remarks by the court the defend-
ant objected and excepted. *Held*, that these remarks were an
invasion of the province of the jury, and constitute reversible
error.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,*
Judge.

REVERSED AND REMANDED.

*David W. Hill* for appellant.

The court's remarks to the jury, after the jury
had been deliberating for three hours, constitute rever-
sible error of the worst variety. State v. Nelson, 181
Mo. 340; McPeak v. Railroad, 128 Mo. 617; State v.
Hill, 91 Mo. 428; Edens v. Railroad, 72 Mo. 212; Good-
sell v. Seeley, 46 Mich. 623; Randolph v. Lampkin, 90
Ky. 550; State v. Punshon, 124 Mo. 448; Ins. Co. v.
White, 24 S. W. 425. Error is presumptively harmful.
State v. Shipley, 174 Mo. 512.

*Edward C. Crow,* Attorney-General, and *Sam B.
Jeffries,* Assistant Attorney-General, for the State.

The language of the court was in our judgment
unwarranted in law and had a decided tendency to in-
vade and set at naught that cool, deliberate judgment
on the part of the jury to which the accused was en-
titled. State v. Hill, 91 Mo. 428.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of Butler county. The proceeding is by information duly verified as the statute directs and charges larceny of a bay mare with blaze face on or about the thirteenth of May, 1903, the property of G. S. Hunt. Defendant was duly arraigned and pleaded not guilty. He was convicted on the ninth day of October, 1903, and on the same day filed his motion for new trial. The court having adjourned to December 11, 1903, the said motion was on said day overruled and defendant duly excepted and on said 11th of December filed his motion in arrest which was overruled and his exceptions duly saved.

I. The instruction to acquit the defendant asked by defendant and refused by the court was properly denied. As the cause must be reversed for another reason, we do not deem it proper to further comment on the evidence or its weight. We simply hold it was sufficient under proper instructions to take the case to the jury.

II. As to the instructions given by the court, they are not preserved in the record and hence are not before us for review. Those prayed by defendant and refused by the court, in addition to the demurrer to the evidence, to-wit, numbers 4 and 5, are correct declarations of law as applied to the testimony and should have been given if they had not already been given, in substance, by the court in its other instructions, but in the absence of those instructions we can not determine whether they were erroneously refused. If they were covered by other instructions given by the court, no error resulted from their refusal. If they were not substantially included in the instructions given by the court, it was error to deny them. It must also be said of the objection urged to the State's instructions, that

they fail to require the jury to find that the mare was taken "without the consent of the owner," we can not determine this point because the instructions are not in the record.

III. After the jury had heard the evidence, instructions and argument of counsel and had retired in charge of the sheriff and had been deliberating three hours, the bill of exceptions recites, the court directed the sheriff to bring the jury into open court and thereupon the following proceeding occurred:

"Gentlemen, have you agreed upon a verdict?" Having been answered in the negative by the jury, the court then said to the jury: "Gentlemen, you must agree; the court can't try these cases twice." And the court then said to the sheriff in the presence of the jury: "Take the jury in charge, give them their meals, and prepare them a room;" then addressing the jury, further said: "If you can agree by to-morrow morning at eight o'clock, I will come and receive your verdict; if you don't agree by that time, when you do agree, you will place your verdict with the instructions in an envelope and seal it up and hand it to the sheriff; *court will be open Monday and Tuesday, and another day next week, and it will then adjourn until November 1st, when I will not be here, and it will then adjourn until December 1st, when I will be here,*" and then the court repeated to the jury: "If you agree by to-morrow morning by eight o'clock, I will come and receive your verdict, and, if you have not agreed by that time, you will, when you do agree, place your verdict with the instructions in an envelope and seal it up and deliver it to the sheriff," to all of which remarks by the court the defendant at the time objected and excepted and still objects and excepts.

The Attorney-General commendably concedes that this action of the court was an invasion of the province of the jury, and error. It is perfectly obvious that

taken altogether it was a threat to punish the jury by keeping them confined during the announced adjournments of the court. The very purpose of a jury trial is to get the free and deliberate judgment of the jury uninfluenced by the court further than the proper directions as to the law of the case. Without further comment it suffices to say the remarks of the court to the jury are such as received the disapproval of this court in State v. Hill, 91 Mo. 423; State v. Nelson, 181 Mo. 340; McPeak v. Railroad, 128 Mo. 617; Edens v. Railroad, 72 Mo. 212.

For the errors mentioned the judgment is reversed and cause remanded for a new trial.

All concur, except *Burgess, J.*, absent.