Alcorn v. Cudahy Packing Co.

No. 27,907.

LUE S. ALCORN, *Appellee*, v. THE CUDAHY PACKING COMPANY, *Appellant*.

(264 Pac. 741.)

SYLLABUS BY THE COURT.

TRIAL—*Coercing Agreement by Jury—Discussing Possibility of Necessary Return for Service.* Under the circumstances stated in the opinion, a colloquy of court, counsel and jurors over the prospect of a verdict, and discussing the alternative possibility that the jurors might have to return for further jury service the following week if a verdict was not speedily reached, considered, and held not to show that the verdict returned shortly afterwards was effected by the court through coercion of the jury.

Appeal from the Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed March 10, 1928. Affirmed.

*C. H. Brooks, Willard Brooks* and *Howard T. Fleeson*, all of Wichita, for the appellant.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson*, all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff obtained a verdict and judgment against defendant under the workmen's compensation act, and the sole question for review relates to a complaint that the trial court coerced the jury to render its verdict.

The circumstances were these: In Sedgwick county, where this action arose, the district court follows a custom of calling juors for two weeks' service and then releasing them. It also has a custom of having no sessions of court on Saturday afternoon. In this case the cause was submitted to the jury at 3:25 p. m., on Friday of the second week of the jury's customary term of service. At 10:20 a. m. Saturday, the jury presented to the court the following note:

"We, the jury, find a disability partial in character but permanent in quality resulting to the plaintiff from the injury. Can we allow less than $6 per week?—Foreman, L. R. FIELDS."

Having been instructed on that point, the jury retired, and about an hour later asked an additional instruction on the meaning of

Jury, 10 A. L. R. 420; 16 R. C. L. 298.  Trial, 38 Cyc. p. 1856 n. 67.

the word "substantially" as used in the court's instructions. That matter being dispatched, the following colloquy of court, counsel and jurors occurred:

"THE COURT: Gentlemen, do you think you will soon arrive at a verdict or be able to answer the question?

"THE FOREMAN: I believe we can. . . .

"THE COURT: You have all served your time?

"THE FOREMAN: Yes, sir.

"THE COURT: Of course you don't want to come back Monday morning?

"THE FOREMAN: No.

"THE COURT: Do you think you will have a verdict by half-past one?. . .

"COUNSEL FOR DEFENDENT: I don't understand that your honor is trying to limit? . . .

"THE COURT: I don't want them to come back Monday morning. The terms of these jurors have expired, and I do not want them to come back Monday morning if I can help it. If we can receive their verdict by two o'clock I would like to do it to accommodate them.

"COUNSEL FOR DEFENDENT: I want you to understand that they can come back Monday or spend the whole afternoon in trying to arrive at a verdict. If Mrs. Sites [official stenographer] cannot be here we can get another reporter.

"THE COURT: They think they can do so by half-past one, and if they can I will receive their verdict; and if they cannot I will instruct them further about when to come back.

"COUNSEL FOR PLAINTIFF: The only thing your honor is trying to do is to inquire if they in their opinion can reach a verdict by two o'clock. You are not trying to restrict them or limit them in any way.

"THE COURT: No, sir. If you can arrive at a verdict by one or one-thirty, I will be here to receive your verdict, and not require you to come back Monday morning; but if not, then at one-thirty I will further instruct you about how long to continue your deliberations.

"COUNSEL FOR DEFENDANT: Why not excuse them and let them come back Monday morning?

"THE COURT: They don't want to lose Monday.

"COUNSEL FOR PLAINTIFF: I think we can get another reporter.

"THE COURT: Of course, if you gentlemen would just as soon come back Monday morning—are there any jurors who would just as leave come back; are all the jurors willing to come back Monday morning? If so, hold up your hands.

"A JUROR: I would like to get off Monday, if I could.

"THE COURT: Well, then, gentlemen of the jury, I will be here at half-past one to receive your verdict if you are ready to return one; and if you are not, I will give you further instruction about how long you shall deliberate. You will now retire in charge of the bailiff."

A verdict for plaintiff was returned at 1:30 p. m.

Defendant insists that this episode shows that the jury's verdict was brought about through coercion; that the fair implication of the trial court's remarks was that unless the jury came to a prompt agreement and brought in a verdict within a couple of hours they would have to come back on Monday, which, of course, they would not wish to do. Counsel say:

"That the trial court's remarks affected the deliberations of the jury is obvious from the punctiliousness with which the verdict was returned. One-thirty was the zero hour and at one-thirty they advanced to the court room, their objective obtained. The barrage laid down by the trial court cleared the way of all entanglements.

"This is not a case where the court was impressing upon the jury a duty to agree—here a penalty was declared, an hour-glass placed upon their deliberations, with the penalty sure and certain."

In support of this contention, counsel cite cases from other jurisdictions holding that anything that savors of constraint or coercion of a jury by the trial judge to bring about a verdict is error With that general doctrine this court has no quarrel, but the fair import of the court's remarks will hardly bear a coercive significance. Moreover, the jurors knew without being told that until they arrived at a verdict or until the trial court became satisfied that a verdict could not be arrived at within a reasonable time and with due regard to all matters proper to be considered under such circumstances, they could not expect to be discharged from jury service. It needed no hint—no coercive intimation—from the trial court to tell them that such was the exigency confronting them.

Appellant's contention that the jury's verdict was induced by coercion cannot be sustained. See *Karner v. Railroad Company,* 82 Kan. 842, 109 Pac. 676; *Sibley v. Cottonmills Co.,* 85 Kan. 256, 116 Pac. 889; *State v. Young,* 109 Kan. 526, 200 Pac. 285; *State v. Eatherly,* 185 Mo. 178, notes, 105 A. S. R. 569, *et seq.*; 38 Cyc. 1855 *et seq.*; 16 R. C. L. 298.

The judgment is affirmed.