No. 20,384.

LILLIAN M. CAWTHRA v. CITY OF GREELEY.

(891 P. [2d] 876)

Decided April 20, 1964.

May 18, 1964, opinion modified and as modified rehearing denied.

484

Mr. KENNETH N. KRIPKE, Mr. RAYMOND R. POPE, for plaintiff in error.

Messrs. YEGGE, HALL & SHULENBURG, Mr. RAYMOND J. CONNELL, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

TRIAL by jury resulted in a verdict in favor of Lillian Cawthra against the City of Greeley in the sum of $6500 as damages for personal injuries suffered by her in a fall on a sidewalk in that city.

Greeley in apt time filed a motion for new trial wherein it averred, among other things, the following:

"4. That during the course of the trial, one of the jurors went to the scene of the accident and observed that the sidewalk that was involved in the accident had been repaired by the City, and conveyed this information to some or all of the jurors during the course of their deliberations; that such conduct is improper and had the capacity to influence the jury in arriving at their

verdict and was therefore highly prejudicial to the defendant."

This motion for a new trial was not supported by any affidavit, a fact pointed out to the trial court. When this motion came on for hearing, one Wilson testified that he served as a juror in the Cawthra trial and that during a recess of court he had occasion to transact some personal business at a business establishment situate directly across the street from the place where Mrs. Cawthra was alleged to have fallen and injured herself some four years prior thereto. When asked what he saw when he "glanced over there," juror Wilson answered: "Well, I didn't notice any holes and I assumed it had been fixed." Wilson then went on to relate that in the jury room during the course of their deliberation he mentioned to the other jurors what he had seen when he "glanced" at the place where the fall allegedly occurred.

At this same hearing another juror testified that as she recalled during their deliberations juror Wilson did make mention of the fact that he had "glanced" at the general area where the fall occurred and that he commented in regard thereto that he "didn't notice any holes."

It was brought out at this hearing that each of these two jurors after the Cawthra trial was concluded was questioned by a private investigator in the employ of the attorney for Greeley and that the allegation in the motion for new trial as to juror misconduct was based on the fruits of his investigation. Juror Wilson further testified that this investigator prepared an affidavit for his signature, but that he declined to sign the same because it contained the statement that he (Wilson) made a special trip to view the scene of the slip and fall, which he said was not the case.

The trial court granted the motion for new trial, holding that there was such a showing of juror misconduct as to require a second trial of the matter. In the manner

followed in *Chartier. v. Winslow,* 142 Colo. 294, 350 P. (2d) 1044, Cawthra elected to stand on the record as made, whereupon the trial court dismissed the action. By writ of error Cawthra now seeks reversal of the judgment of dismissal and asks for a remand of the matter with directions to the trial court to enter a judgment in her favor against Greeley in the sum of $6500. It is obviously her position that as a matter of law the trial court erred in granting Greeley's motion for a new trial.

■ Rule 59, R.C.P. Colo. provides that a motion for new trial based on "misconduct of the jury . . . shall be supported by affidavit filed with the motion." The reason for the requirement of a supporting affidavit is at once obvious. It is a most salutary rule to require a supporting affidavit where there is an accusation of misconduct on the part of a juror in a motion for a new trial, the movant thereby proving his good faith and, by particularizing, demonstrating that his allegation of juror misconduct—a most serious charge—is based on knowledge, not suspicion or mere hope.

■ In the instant case the motion for new trial, though based on alleged juror misconduct, was not supported by affidavit, and the motion did not contain anything to indicate that the movant had a legal excuse for its failure to do so. On this state of the record the trial court should have summarily denied the motion for a new trial.

By disposing of the present controversy on this basis, we would not want to be understood as indicating that but for its so-called procedural mistake the trial court otherwise acted properly in granting Greeley's motion for new trial. In our considered view the "misconduct" here complained of is not "gross misconduct" of the type found in *Butters v. Wann,* 147 Colo. 352, 363 P. (2d) 494, which "gross misconduct" clearly warranted the granting of the motion for new trial. In *Butters v. Wann,* supra, the erring juror in violation of an order of the court made an independent investigation on his own into

a highly prejudicial matter specifically excluded from the consideration of the jury by express ruling of court made during trial.

 ·The facts and circumstances of the present case are far different from those in the *Butters* case and disclose the following situation:

1. The trial court did not by appropriate order instruct the jurors that they should not view the scene of the alleged fall, neither litigant requesting such an order even though the scene of the fall was only three blocks from the court house;

2. Approximately four years intervened between the date of the fall and the trial of the matter;

3. Juror Wilson did not conduct any personal investigation or even make an actual inspection of the scene, but only took a "glance" from a distance of some 100 feet;

4. Although the record before us does not contain testimony as to just how the fall complained of actually occurred, it nonetheless does contain a copy of Cawthra's notice to the City wherein it was stated that Mrs. Cawthra "fell on the sidewalk . . . there was a hole in the sidewalk which she stepped over to avoid tripping and in so doing she slipped and fell back striking the back of her head";

5. Hence the effect of juror Wilson's testimony is that he "didn't notice any hole" which Mrs. Cawthra apparently did not step "into," but rather stepped "over."

As stated above, any misconduct on the part of juror Wilson is in our view not such "gross misconduct" as would warrant the necessity of a second trial. Actually when viewed in context this "misconduct" is really quite minuscule, and readily distinguishable from the fragrant misconduct of the juror in *Butters v. Wann,* supra. The instant case is governed by the rationale of *Ison v. Stewart,* 105 Colo. 55, 94 P. (2d) 701, where it was held that an unauthorized viewing by a juror of the scene of an

automobile accident was insufficient ground for the granting of a motion for a new trial.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter a judgment based on the verdict of the jury.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.