No. 20264.

DIANA DEE BOYD, MINOR, BY HER NEXT FRIEND MARGARET
BOYD, AND WAYNE BOYD *v.* HAROLD E. HUBBELL, JR.,
ET AL., D/B/A IMPERIAL LANES.
(392 P.2d. 664)

Decided June 8, 1964.

Mr. BERNARD D. MORLEY, for plaintiffs in error.

Messrs. WOOD, RIS and HAMES, Mr. THOMAS T. CRUM-
PACKER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court. We refer to them by name or as plaintiffs and defendants.

In the trial court Diane Boyd, age six, sought to recover damages for injuries to the index and ring fingers of her left hand. In her complaint she alleges that on July 19, 1960, she was an invitee of the defendants at their bowling alley, and as she was seeking to replace in the ball rack a too-heavy bowling ball for a lighter one, she slipped and fell on a melted pile of ice cream located on an approach or landing to the alleys, and suffered the injuries for which she sought damages.

She further alleged that the defendants were negligent in that they knew of the presence of the ice cream or, by the exercise of reasonable care, could have discovered the same and remedied the dangerous condition created by the presence of the ice cream.

The plaintiff Wayne Boyd, the father of Diane, sought reimbursement for hospital and medical expenses incurred in connection with Diane's injuries.

The defendants answered; denied generally the allegations of negligence and pleaded the defenses of contributory negligence, assumption of risk and unavoidable accident.

Trial was to a jury. At the close of plaintiffs' case the defendants moved for dismissal because of (1) lack of proof that there was any ice cream on the landing, and (2) a total lack of proof of knowledge, either actual or constructive on the part of the defendants.

The trial judge reserved ruling on this motion "until all of the evidence is in."

The defendants called witnesses to prove the allegations of their answer. Plaintiffs produced no rebuttal testimony.

After all of the evidence was in the defendants renewed their motion for dismissal or, in the alternative, a

directed verdict. The trial judge sustained this motion and directed the jury to return its verdict in favor of the defendants. Motion for a new trial was dispensed with and judgment entered in favor of the defendants.

Plaintiffs here seek reversal and urge only one ground, namely, that the matter should have been submitted to the jury under proper instructions. In ruling on the motion the trial judge stated:

" * * * the only question remaining is as to whether or not the dangerous condition caused by the ice cream was the fault of the defendants. In this respect the law in Colorado is clear that in order to impose liability on the defendants for the plaintiffs' injuries the dangerous condition — the ice cream — must have been known to the defendants or have existed for such time that it was their duty, in the exercise of ordinary care, to know it.

"Now, in this case there is no contention by the plaintiffs that the defendants had actual knowledge of the claimed condition. Therefore, they must rely on what we term in law 'constructive notice.' That is, that the ice cream was on the landing for such a period of time that if the defendants had exercised ordinary care, they would have known of its existence.

"To put that proposition in the language of the law, it may be said that in order to establish constructive notice on the part of the defendants, the plaintiffs must clearly and definitely establish that the ice cream on the landing was there long enough and was of such dangerous character that defendants, by the exercise of reasonable care, should have discovered and corrected it. But in this case, and viewing the evidence in the best light and giving all permissible presumption, there is no evidence from which a jury might determine how, when or how long the ice cream was on the landing.

"It is incumbent upon the plaintiffs to establish by competent evidence that the ice cream of which they complain was on the landing for a time of sufficient duration prior to the accident to enable the jury to deter-

mine whether a reasonably prudent man — in this case the defendants — knew or ought to have known of the condition, and to have taken such measures as were necessary to remedy it for the protection of the plaintiffs.

"From the evidence it is clear that no one saw the ice cream on the landing prior to the accident, and no one knows how it happened to be there. In short, there is no evidence that would indicate the presence of the ice cream for any definite period of time, and unless there is basis for an inference, negligence cannot be attributed to the defendants."

The evidence presented in an effort to prove the presence of ice cream on the landing was sketchy, contradictory, and very unsatisfactory. However, the trial judge apparently felt that there was some proof that ice cream was on the landing and that Diane stepped in it and, as a consequence, slipped and fell, suffering the injuries of which she complains.

From the record it clearly appears that if there were any ice cream on the landing, it had to have been lodged there between 9:00 A.M. (the time the bowling alley was opened) and 9:30 A.M., at the time Diane fell. There is nothing in the record to indicate that it was there for one minute, twenty-nine minutes, ten minutes, or for some other period of time before the fall. There is a total lack of proof of the alleged fact

"That the defendants * * * knew of the presence of or, by the exercise of reasonable care, could have discovered said ice cream * * *."

Diane does not contend that there was anything structurally wrong with the premises or that the defendants had any actual notice of the presence of the ice cream.

She predicates her case entirely on the contention that the evidence was sufficient to warrant submission of the matter to the jury. Colorado cases hold to the contrary.

The general rule governing these so-called slip

114

and fall cases is stated in 38 Am. Jur. 798, Negligence, § 136:

"* * * The existence of a slippery place on the floor of a store, on which a customer falls, sustaining injury, is in violation of the proprietor's duty only where he knows or reasonably should know of the presence of this dangerous condition and reasonably could prevent it or warn the customer of the danger. * * *."

In *Woolworth v. Peet,* 132 Colo. 11, 284 P.2d 659, the trial judge denied a motion for dismissal at the close of plaintiff's evidence and submitted the matter to the jury, resulting in a verdict for plaintiff. Motions for new trial and for judgment notwithstanding the verdict were filed and denied.

On review by writ of error, the court stated:

"About all that plaintiff seemed to have to rely upon was the happening of the accident, and that, by virtue of this happening, defendant was negligent. If she is to be supported in this contention, in the total absence of any evidence disclosing liability on the part of defendant, then we would be holding defendant to be an insurer of the safety of all its customers entering the store. *Plaintiff's case in chief discloses no evidence concerning knowledge on the part of defendant, or that an unreasonable time had lapsed in which the condition could have been discovered and rectified.*" (Emphasis supplied.)

See, also, *Denver Co. v. Pender,* 128 Colo. 281, 262 P. 2d 257.

To have denied the defendants' motion in this case would have been to ignore the general rule of law and numerous decisions of this court which uniformly hold that there must be proof of actual or constructive notice of the existence and presence of the foreign substance. Lack of such proof necessitated dismissal of the action.

The judgment is affirmed.

Mr. Justice Moore and Mr. Justice Day concur.