Mr. Justice Sutton
delivered the opinion of the Court.
This writ of error involves two actions for rescission of stock-purchase agreements brought by plaintiffs on their own behalf and a similar action by one of the same plaintiffs as assignee of similar claims on behalf of several hundred other persons. Plaintiffs and their assignors, who are defendants in error here, will be collectively referred to herein as plaintiffs. Plaintiff in error, Allied Colorado Enterprises Company, will be referred to as defendant.
Plaintiffs entered into stock-purchase agreements in the amount of $167,798.60 with defendant and one Allen Lefferdink, the latter not being a party to this writ of error. Plaintiffs sought to rescind the aforementioned agreements and recover all amounts paid and in addition sought damages (in an undesignated alternative claim) for the alleged worthlessness of the stock in question. Various breaches and failures to perform under the contracts were alleged as grounds for the rescission. Both actions were treated as consolidated and so tried.
The controversy terminated in the trial court by rea *162 son of a summary judgment being granted to certain plaintiffs on their motion for judgment on the pleadings, which, by agreement of counsel, was treated as a Motion for Summary Judgment under R.C.P. Colo. 56. The FINDINGS OF FACT AND CONCLUSIONS OF LAW set forth in substance that defendant breached its stock-purchase agreements with plaintiffs; that delivery of the stock certificates to a bank as escrow agent, did not constitute good and sufficient delivery; that there was a failure of consideration for the agreements; that defendant is not relieved of liability by virtue of any action taken by the Securities and Exchange Commission; that plaintiffs are not estopped to bring their action or to recover thereunder; and that they are entitled to judgment in the amount of $167,798.60 for money had and received from plaintiffs by defendant for the purchase of stock in defendant company.
As to the liability of defendant Lefferdink the trial court stated “there is no just reason for delay in the entry of final judgment . . .”; it also said that there “is more than one claim for relief presented in these actions . . .”; and, it expressly provided that it was not including “certain named persons as to whom the liability of defendant corporation must yet be determined, . . .”.
The record discloses a Pre-Trial-Order which recites various stipulated facts and which expressly states that “The following issues of fact remain to be litigated upon the trial:”; then follows a list of two pertinent issues of fact and six issues of law that were to be determined.
The difficulty confronting this court, on this writ of error, is that more than one claim for relief by multiple plaintiffs against two defendants was presented to the trial court; that judgment entered as to only a part of the parties; and, that undetermined issues remain to be decided. In other words, only one claim as to a part of all the plaintiffs, was resolved by the summary judgment. It is even admitted that other matters have not *163 been concluded below. Such piece-meal handling of the case at both the trial level and appellate level of our courts is not permitted under Rule 54 (b), R.C.P. Colo., which provides that the trial court “. . . may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay . . .”. (Emphasis supplied.)
It is to be observed that the trial court expressly directed the entry of the judgment [which it was required to do under Rule 54 (b) ], but it did not make the “determination” required under the Rule “that there is no just reason for delay” as to the corporate defendant as to the claims of certain plaintiffs.
Counsel for plaintiffs and defendant both state that the trial court clearly felt that there was no just reason for delay. They urge us to overlook the failure to comply with Rule 54 (b), R.C.P. Colo, and ask us to decide the case instead on numerous grounds of substance urged in the briefs relating generally to the issues of lav/ which were decided by the trial court as to certain plaintiffs against the corporate defendant. This we cannot do. The cases are clear in their pronouncements that the determination under Rule 54 (b) must be made in order to pave the way for the filing of a writ of error. E. g., Broadway Roofing and Supply, Inc. v. District Court, 140 Colo. 154, 342 P.2d 1022 (1959) and Fidelity and Deposit Co. of Maryland v. May, 142 Colo. 195, 350 P.2d 343 (1960). Both cases are controlling here.
The writ of error should be, and is, hereby dismissed.