## No. 20730.

ADOLPH HANSEN *v.* DONALD FRANKLIN DILLON.
(400 P.2d 201)

Decided March 8, 1965. Rehearing denied April 5, 1965.

OAKLEY WADE, for plaintiff in error.

FRED E. SISK, McCOMB, ZARLENGO & MOTT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS litigation stems from a collision between two pick-up trucks which occurred shortly before 6 o'clock a.m. on June 9, 1961, on a graveled county road some 6 miles south of the town of Las Animas. This particular road runs in an east-west direction and on this occasion Hansen, who was driving in an easterly direction, struck the rear-end of a pick-up truck being driven by one Dillon with such force that the Hansen truck was virtually demolished. Hansen himself sustained severe personal injuries in the accident.

Based on this unfortunate occurrence, Hansen brought an action against Dillon, charging the latter with negligence in the operation of his vehicle and prayed for monetary damages in the amount of $41,515. By answer Dillon denied negligence, alleged contributory negli-

gence on the part of Hansen and counter-claimed for the damages to his vehicle. Trial by jury resulted in a verdict in favor of Dillon on Hansen's complaint and one in favor of Hansen on Dillon's counter-claim. By writ of error Hansen now seeks reversal of the judgment.

In the summary of argument Hansen contends that the trial court erred in the following particulars:

1. instructing the jury on contributory negligence;

2. instructing the jury as to the applicable statutes relating to careless driving and speed limit, C.R.S. '53, 13-4-32 and 33;

3. refusing to instruct the jury that "the reaction time of a normal individual is three-fourths of a second"; and in

4. striking the affidavit of counsel for Hansen wherein said counsel, based on his conversations with certain of the jurors, deposed and declared that these jurors "knowingly misled the plaintiff to accept them as fair and impartial when in reality their minds were made up . . . ."

In our considered view the trial court committed no error in its several rulings, and hence the judgment must be affirmed.

Hansen's basic contention in this Court is that it was error to instruct the jury on contributory negligence for the reason that there was no evidence of any negligence whatsoever on his part. Let us look briefly at the evidence tending to show any driving misconduct by Hansen.

As above noted, Hansen was driving his pick-up truck in an easterly direction on a loosely graveled county road south of Las Animas. At the time of the accident he was enroute from his farm to Las Animas to attend a 6 o'clock a.m. meeting, for which he was "running late." Dillon had parked his pick-up truck in a field south of this same county road about 4 o'clock on this same morning, Dillon having driven to this particular field to "set" his irrigation water.

Hansen testified that he was very familiar with this stretch of road and that when he was about one-half mile west of the place where the accident occurred he saw the Dillon vehicle in the parked position as above described. He further testified that he was fully aware of the fact that Dillon frequently parked his pick-up in this particular spot when he was setting his irrigation water. Though there was unobstructed vision, Hansen did not thereafter see the Dillon vehicle until he suddenly noticed Dillon's pick-up only 10 feet in front of him. Hansen testified that he then applied his brakes and cut to the left but that the right front of his vehicle came in rather violent contact with the right rear portion of the Dillon pick-up.

Dillon testified that he never did see or hear the Hansen vehicle until the actual collision. He said that just before the accident he had completed setting his irrigation water and was accordingly preparing to leave the area. Before moving his vehicle, he looked "both ways" and seeing no approaching vehicle, he backed away slowly out of the field onto the highway proper. He stated that he had completed his "backing up" and was about to proceed forward in an easterly direction when he was struck from behind by Hansen.

An undersheriff from Bent County who investigated the accident testified that the point of impact was about four and one-half feet north of the south edge of the roadway proper. Without objection he further testified that the speed limit on this particular road was 60 miles per hour, that a "safe" speed considering the actual road conditions was 35-40 miles per hour, and that based on his inspection of the physical evidence at the accident scene in his opinion Hansen was driving 50 miles per hour.

Both Hansen and Dillon testified that on this occasion each espied a low flying airplane which at the time was spraying alfalfa in the immediate area, but though each looked at the plane on several occasions neither would

admit to having been watching the plane in the seconds immediately preceding the accident.

The trial court was of the belief that the foregoing line of testimony required submission of the issue of contributory negligence to the jury, even though Hansen in his testimony declared that he was only going 35-40 miles per hour and that he was at all times keeping a sharp lookout. With this evaluation of the evidence bearing on the matter of contributory negligence, we are in complete agreement.

 The issues of negligence, contributory negligence and proximate cause are generally to be resolved by the trier of the facts and it is only in the clearest of cases, where the facts are undisputed and reasonable minds can draw but one inference from them, that the question of what constitutes reasonable care is ever one of law to be taken from the jury and decided by the court. See *Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250. It is emphasized that for the purposes of the present discussion we are not concerned with Dillon's conduct. Counsel agree that the jury undoubtedly did determine that Dillon took the right-of-way from Hansen and that in so doing he was acting in a negligent manner. Be that as it may, we are now concerned with Hansen's driving conduct, it being recognized by all that even though a driver may have a preferential right-of-way he still has the continuing duty to exercise reasonable care for the safety of others. See *Denver Equipment Company v. Newell,* 115 Colo. 23, 169 P.2d 174.

 Was Hansen driving at an excessive or unreasonable rate of speed under the circumstances, i.e., loosely graveled road, sun coming up in the east? Was Hansen maintaining a reasonably "sharp lookout"? If Hansen had been attentive to his driving and keeping the aforementioned "sharp lookout" should he not have seen Dillon backing onto the highway in time to have avoided the accident? All of these rhetorical questions illustrate that

the issue of contributory negligence was one for the jury, and not for the trial court.

The foregoing comment has equal application to the suggestion that it was error to instruct the jury as to the statutes on careless driving (C.R.S. '53, 13-4-32) and speeding (C.R.S. '53, 13-4-33). Suffice it to say, the trial court committed no error in this regard.

Following through on the matter of instructions, we hold that the trial court acted quite properly in refusing to give an instruction to the effect that the reaction time for a normal person is three-fourths of a second. There was no evidence to support such an instruction and the reaction time of a "normal person" is not yet such a matter as to require judicial notice thereof.

Finally, Hansen complains because the trial court declined to entertain the affidavit of his counsel concerning matters which his counsel had discussed with certain jurors subsequent to their discharge from jury duty. It is argued that this affidavit shows that certain jurors were not truly "fair and impartial when in reality their minds were made up and said jurors thereafter violated their oath to hear and decide the case on the evidence adduced upon trial . . . ."

Rule 59, R.C.P. Colo. provides, in part, that an application for new trial based on "misconduct of a jury" or other "irregularity in the proceedings by which any party was prevented from having a fair trial" shall be supported by an affidavit. See *Cawthra v. Greeley,* 154 Colo. 483, 391 P.2d 876. This requirement presupposes that the affidavit be from one having firsthand information rather than from a person possessing only hearsay. Such is not true in the instant case. There is no affidavit in this record of any juror who served in the trial of this matter, nor is there any claim that these jurors refused to give such. Rather we have only the affidavit of losing counsel, and the affidavit itself is largely hearsay and chock-full of conclusions.

Suffice it to say in this regard, that on the showing

402

made, the trial court did not err in striking this affidavit, and declining to grant a new trial. Certainly the "alleged" juror misconduct in no way, shape or form approximated the flagrant violation found in *Butters v. Dee Wann*, 147 Colo. 352, 363 P.2d 494.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE FRANTZ concur.