No. 21898.

HOWARD D. SMITH, ET AL v. CITY OF ARVADA, A MUNICIPAL CORPORATION, ET AL.
(429 P.2d 308)

Decided June 26, 1967.

Nathan I. Golden, John T. Dugan, for plaintiffs in error.

Sonheim, Whitworth & Helm, for defendants in error.

*In Department.*

Opinion by Mr. Justice Sutton.

Plaintiffs in error, consisting of Howard D. Smith and fifty-seven other home owners as plaintiffs in the trial court, claiming that certain streets should be black-topped, sued the City of Arvada, a municipal corporation, its mayor, city council and certain other city officials as well as three house building corporations and a named realtor. The complaint contained two claims.

A motion to dismiss was filed by the City and the various defendant City officials who asserted that the complaint failed to state a claim for relief against the City or any official in any capacity. This motion was granted by the trial court as to the City "and its officers, but not as to other defendants." The trial court also dispensed with the necessity to file an amended complaint and denied a motion for a new trial.

Plaintiffs then sued out a writ of error asserting:

"That the court erred in dismissing the complaint as to the defendant, the City of Arvada, denying plaintiff the right to amend, such dismissal being with prejudice on the merits, and being a final decision and judgment, and being res judicata as to the matters involved."

Plaintiffs in error assert that in sustaining the motion to dismiss the trial court held it was doing so because no Notice of Claim had been given the City. Also, various other arguments are presented on this writ of error as

to the dispute and the plaintiffs in error's rights under our Rules of Civil Procedure.

 Suffice it to say, in regard to the relief sought here, that we have read the briefs and record and, as indicated above, find that more than one claim is presented; however, nowhere do we find any compliance with R.C.P. Colo. 54(b) which requires that in this type of situation

"* * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *."

Failure to procure such an express finding by the trial court in the instant case, so that a writ of error can be properly pursued, is fatal. See *Allied Colorado Enterprises Co. v. Grote*, 156 Colo. 160, 397 P.2d 225 (1964).

The writ of error is dismissed without prejudice.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.