MR. JUSTICE ERICKSON
delivered the opinion of the Court.
We granted certiorari to review Bodeman v. Shutto Markets, Inc. (Court of Appeals No. 77-201, April 20, 1978) (not selected for official publication). The court of appeals, in a split decision, reversed a jury verdict in favor of the plaintiff. We reverse and remand to the court of appeals for further proceedings not inconsistent with the directives contained in this opinion.
Alice Bodeman, an elderly woman, was the plaintiff in the trial court. She was injured when the shopping cart which she was pushing overturned on a sloped asphalt ramp leading from the sidewalk in front of the grocery store to the parking lot. Uncontradicted testimony established that there was a hole four inches wide and two inches deep on the ramp at the point where the cart overturned. The testimony also showed that the hole was visible from the top of the ramp.
The grocery store was located in a shopping center owned by the defendant Berkeley Village, Inc. (Berkeley). Berkeley leased the grocery store to Shutto Markets, Inc. (Shutto). The plaintiffs complaint asserted claims of negligence against both the defendant Shutto and the defendant Berkeley. Shutto and Berkeley filed cross-claims — each asserting that the injuries, if any, which were occasioned by the plaintiffs fall, were attributable to the negligence of the other. The liability issue was resolved by the jury in favor of the plaintiff and against Shutto. Damages were assessed in the amount of $15,000 against Shutto.
The court of appeals and the parties concur as to the rule of law to be applied.
“[Bjefore there can be liability for injuries resulting from a dangerous condition, it must be shown (1) that the defendant in control of the premises had actual knowledge of the condition and failed to correct it, or (2) that the defendant had constructive knowledge of the condition and failed to correct it (i.e., that the condition had existed for such a period of time that the defendant, in the exercise of due care, could have and should have *395 known of it).” Jasko v. Woolworth Co., 177 Colo. 418, 420, 494 P.2d 839 (1972).
The court of appeals held that:
“Here, there was no evidence that either Shutto or Berkeley had actual knowledge of the hole. Neither was there any evidence presented on the question of how long the hole had been there prior to the accident, nor any other evidence which might have established constructive notice. . . . Under these circumstances, the trial court should have granted Shutto’s motion for a directed verdict . . . .” (Emphasis added.)
Judge Sternberg dissented, contending that:
“The character of the defect may affect the legal consequences flowing from it. From the very nature of the defect here, the jury could and did infer that it had existed for a period of time sufficient for the proprietor to become aware of it and repair or warn customers of it.
“. . . . Ordinarily, a hole like this one . . . does not develop suddenly. This inference is not mere wild speculation but is based on matters within the realm of common human experience and therefore plaintiffs case should have survived a motion for directed verdict.”
We are in substantial agreement with the dissenting judge’s analysis of the facts in this case.
Constructive notice of a dangerous condition on the part of the defendant need not be proved by direct evidence. The circumstances surrounding the injury, including the facts which demonstrate the existence of the dangerous condition itself, may give rise to a reasonable inference of constructive notice. Thus, the very nature of the defect may be considered in determining whether to leave the question of constructive notice in the hands of the jury. King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006 (1959); see also Ekberg v. Greene, 196 Colo. 494, 588 P.2d 375 (1978). The location of the dangerous condition, the opportunity of the defendant to determine that the condition exists, and the likelihood that a “momentary creation” of the condition occurred are all factors which must be considered in resolving the question of whether the plaintiff has sustained the burden of proof. See, e.g., McVeigh v. McCullough, 96 R.I. 412, 192 A.2d 437 (1963).
This is not a case in which the transitory nature of the defect creates a grave doubt as to whether the defendant could, in the exercise of reasonable caution, have discovered it, Miller v. Crown Mart, Inc., 162 Colo. 281, 285, 425 P.2d 690 (1967), Denver Co. v. Pender, 128 Colo. 281, 285, 262 P.2d 257 (1953), or as to whether the defect existed at all, Boyd v. Hubbell, 155 Colo. 110, 113, 392 P.2d 664 (1964). As a matter of law, the evidence relating to the hole in the asphalt ramp, the dangerous condition which caused plaintiffs injuries, created an issue as to whether Shutto had constructive notice of the existence of the hole. Compare Miller v. Crown Mart, Inc., supra. Therefore, the trial court correctly *396 submitted the issue to the jury with proper instructions.
Since issues were raised in the court of appeals which were not reached and which were not before us for review on certiorari, we reverse and remand to the court of appeals for resolution of the remaining issues. The court of appeals shall direct reinstatement of the jury verdict, provided that the resolution of the remaining issues does not require a different result.
MR. JUSTICE PRINGLE does not participate.
MR. JUSTICE GROVES dissents.