**Charles L. SMITH, Jr.,**
**Plaintiff-Appellee,**

v.

**SAFEWAY STORES, INCORPORATED,**
**a Maryland corporation,**
**Defendant-Appellant.**

**No. 80CA0180.**

Colorado Court of Appeals,
Div. II.

July 30, 1981.

Rehearing Denied Aug. 20, 1981.

Certiorari Granted Nov. 30, 1981.

Norton Frickey & Associates, Dan N. Hover, Denver, for plaintiff-appellee.

Anstine & Hill, Arthur H. Anstine, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Safeway Stores, Inc., appeals a judgment entered on a jury verdict in favor of plaintiff, Charles L. Smith, for $9,000 in damages incurred by plaintiff as a result of a slip-and-fall accident in one of defendant's self-service supermarkets. We affirm.

On November 7, 1978, plaintiff was shopping in defendant's store, and while walking down an aisle between two rows of counters stocked with merchandise, plaintiff slipped and fell. He slipped on a substance on the floor which was described as looking like hand lotion.

Plaintiff did not present any evidence that the substance was on the floor as a result of an act by defendant or its employees or that defendant had actual knowledge of its presence. Nor did plaintiff present evidence that the substance had been on the floor for a length of time sufficient to establish that defendant had constructive notice of its presence.

I.

Defendant first contends that plaintiff was required to prove that defendant had actual or constructive notice of the presence of the substance on the floor, and having failed to do so, the trial court erred by not granting its motion for directed verdict or in the alternative its motion for judgment notwithstanding the verdict.

■ Generally, before a business proprietor can be held liable to one injured as the result of a dangerous condition on the business premises, it must be shown that the proprietor had actual or constructive notice of the condition and failed to cure it. *See, e. g., Boyd v. Hubbell*, 155 Colo. 110, 392 P.2d 664 (1964). However, if "the operating methods of a proprietor are such that dangerous conditions are continuous or easily foreseeable, the logical basis for the notice requirement dissolves .... [and] actual or constructive notice of the specific condition need not be proved." *Jasko v. F. W. Woolworth Co.*, 177 Colo. 418, 421, 494 P.2d 839, 840 (1972).

■ In a self-service grocery operation, the easy access to the merchandise often results in its spillage and breakage. This, along with the fact that a customer's atten-

tion understandably is focused on the items displayed rather than on the floor, creates a dangerous condition. These risks are easily foreseeable, and a proprietor, having selected a self-service method of sale, is charged with knowledge of them. *See Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850 (1975); *Rhodes v. El Rancho Markets*, 4 Ariz.App. 183, 418 P.2d 613 (1966); *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 221 A.2d 513 (1966). *See generally* Annot., 85 A.L.R.3d 1000 (1978).

*Jasko v. F. W. Woolworth Co., supra*, did not involve a self service grocery operation, but involved what the court determined to be a continuous creation of a dangerous condition. However, by its use of the disjunctive, the Supreme Court implicitly extended the *Jasko* holding to situations where, as here, the creation of the dangerous condition is easily foreseeable.

■ We also note that the court in *Jasko* cited as support for its holding several cases that had abandoned the notice requirement for slip-and-fall injuries occurring in self-service grocery stores. *See Thomason v. Great Atlantic & Pacific Tea Co.*, 413 F.2d 51 (4th Cir. 1969); *Rhodes v. El Rancho Markets, supra; Woolerman v. Grand Union Stores, Inc., supra; Forcier v. Grand Union Stores, Inc.*, 128 Vt. 389, 264 A.2d 796 (1970). We therefore hold that the operating methods of defendant were such that the dangerous condition that resulted in plaintiff's injuries was easily foreseeable, and accordingly, plaintiff was not required to prove notice.

■ Though proof of notice is not required, there still remains the question of whether the proprietor took reasonable steps to discover and obviate the danger. What is reasonable is a fact question, and depends upon the nature of the circumstances surrounding the business conducted. *See Ciminski v. Finn Corp., supra.*

■ Therefore, whether defendant took reasonable steps to obviate the danger here was a question for the jury, and the trial court did not err in refusing to grant defendant's motion for directed verdict, or judgment notwithstanding the verdict.

## II.

■ Defendant next contends that the trial court improperly applied § 13–21–301, C.R.S.1973 (1980 Cum.Supp.) in excluding from evidence plaintiff's statement taken by defendant. We do not agree. Section 13–21–301, provides:

"(1) If a person is injured as a result of an occurrence which might give rise to liability and said person is a patient under the care of a practitioner of the healing arts or is hospitalized, no person or agent of any person whose interest is adverse to the injured person, within fifteen days from the date of the occurrence causing the injury, shall:

(a) Negotiate or attempt to negotiate a settlement with the injured patient;

(b) Obtain or attempt to obtain a general release of liability from the injured patient; or

(c) Obtain or attempt to obtain any statement, either written, oral, recorded or otherwise, from the injured patient for use in negotiating a settlement or obtaining a release except as provided by the Colorado rules of civil procedure.

(2) Any settlement agreement entered into or any general release of liability given by the injured patient in violation of this section shall be void. Any statement, written, oral, recorded, or otherwise which is given by the injured party in violation of this section may not be used in evidence against the interest of the injured party in any civil action relating to the injury...."

Defendant argues that the statement taken three days after the injuries should have been admitted because plaintiff was not at that time "under the care of a practitioner of the healing arts."

Testimony indicated that on the date of the injury plaintiff sought and received medical attention at a local hospital and was then referred to a clinic. However, he was refused treatment at that clinic because he was not covered by its program.

Defendant then contacted an orthopedic surgeon and was examined on November 21, 1978, fourteen days after he was injured. The doctor prescribed medication along with follow-up visits, and plaintiff was not released to return to work until March 5, 1979.

Although there are no Colorado cases interpreting this statute, the New Mexico Supreme Court, interpreting a substantially similar statute, has held that for a plaintiff to be considered under the care of a practitioner of the healing arts, such care need not be actual and continuous, but rather "must be provided in good faith and must be reasonably required." *Bolles v. Smith*, 92 N.M. 524, 591 P.2d 278 (1979). We adopt this interpretation of the statute.

 Although plaintiff was not under the care of a particular doctor on the day the statement was taken, he was at that time on referral status, and under such circumstances, we hold that care was being provided in good faith, and was reasonably required. Thus, the trial court did not err in excluding the statement.

We also reject defendant's contention that statements obtained in violation of § 13–21–301 may be used for purposes of impeachment. The statute does not provide for such an exception, and such an exception would circumvent the intent of the General Assembly to prevent the use at trial of statements taken under the prohibited circumstance.

### III.

Defendant's final contention is that the trial court erred in instructing the jury to consider "other expenses" in assessing plaintiff's damages. This issue was not raised by defendant in its motion for new trial, and, finding no plain error, we will not consider the issue here.

To the extent that this argument includes defendant's contention raised in its motion for new trial that the jury was guilty of misconduct for its failure to follow the court's instructions on assessing damages, we hold that defendant's failure to file a supporting affidavit precludes the issue from being considered on review. *See Hansen v. Dillon*, 156 Colo. 396, 400 P.2d 201 (1965); *Cawthra v. City of Greeley*, 154 Colo. 483, 391 P.2d 876 (1964).

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.