Donald M. KELLEY and Viola H. Kelley, Plaintiffs-Appellees,

v.

The COLORADO MOBILE HOME LICENSING BOARD, Defendant,

and

Knight Mobile Homes, Inc., Defendant-Appellant.

No. 82CA0758.

Colorado Court of Appeals, Div. II.

March 17, 1983.

Deisch & Marion, P.C., Anthony L. Sokolow, Denver, for plaintiffs-appellees.

Frank, Lowe, & Finger, P.C., Thomas E. Frank, Evergreen, for defendant-appellant.

TURSI, Judge.

Knight Mobile Homes, Inc., seeks reversal of the trial court's denial of Knight's motion for new trial which motion was based on alleged improper jury conduct and jury coercion through inadvertence. We affirm.

On a Friday, after a three-day trial, the jury retired to deliberate at approximately 4:10 p.m. At 4:50 p.m., the trial court recalled the jurors and was informed that they had not yet reached a verdict. The court then began to dismiss the jurors for the weekend, instructing them to return to the court on the following Monday to resume deliberation. Two jurors requested to be recognized by the court and objected to serving additional time on the following Monday and requested permission to continue deliberations.

The court called all counsel to the bench and inquired whether there was any objection to permitting the jury to continue deliberation. There was none. The trial judge then informed counsel that he would permit another half hour of deliberation, at which time, if the jurors had not reached a verdict, he would send them home and recall them on Monday morning. The jury was again contacted at 5:30 p.m. and, at 5:40 p.m., returned a verdict against Knight.

Knight's motion for new trial was supported by affidavits from shareholders of Knight. They stated that from their seat in the courtroom, though farther away from the judge than the jurors, they had heard the court's comments to counsel concerning the court's plan to allow the jury a limited time for reaching a decision or excusing it until the following Monday. Both affidavits also included the following allegation:

"I believe that the jurors fully knew the deadline set by this Court. I additionally believe that the time pressure placed on the jurors to reach a verdict caused the jurors to reach a compromise verdict in this matter and prejudiced the jury deliberations."

Knight claims that the colloquy between the trial court and counsel was overheard by the jury, and constituted an improper imposition of a time constraint within which to reach a verdict. This contention is without merit.

■ Even if we assume the jury overheard the colloquy, the mere fact that the jurors were given the opportunity to continue deliberations to a time certain and then to return, if necessary, for further service on Monday does not constitute coercion. *Alcorn v. Cudahay Packing Co.,* 125 Kan. 493, 264 P. 741 (1928). The authorities cited by Knight are inapposite and consist in substance of instances of coerced deliberation of a jury that had announced itself to be deadlocked.

■ Further, the affidavits filed by Knight herein are inadequate on their face. An affidavit alleging irregularities which purport to deny a party a fair trial must be based upon knowledge and not mere suspicion or hope. *Cawthra v. City of Greeley,* 154 Colo. 483, 391 P.2d 876 (1964). Conclusory allegations are insufficient. *Peoples Natural Gas v. Public Utilities Commission,* 626 P.2d 159 (Colo.1981).

Judgment affirmed.

PIERCE and SMITH, JJ., concur.