**Raejean STOTLER and Robert L. Stotler, Plaintiffs–Appellants,**

**v.**

**GEIBANK INDUSTRIAL BANK, a Colorado corporation, Defendant–Appellee.**

**No. 90CA0816.**

Colorado Court of Appeals, Div. I.

Feb. 20, 1992.

Donald A. Brenner, Denver, for plaintiffs-appellants.

Rossi & Judd, P.C., Larry D. Gallegos, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

Plaintiffs, Raejean and Robert L. Stotler, appeal a summary judgment entered in favor of defendant, Geibank Industrial Bank, on a promissory note that was assigned to Geibank by SilverCreek Development Company. We affirm in part and reverse in part.

SilverCreek was the developer of a residential community in Colorado. On September 8, 1985, a promissory note was signed by the plaintiffs evidencing debt for purchasing one of the lots in the residential community. SilverCreek assigned this note to Geibank on September 12, 1985.

Subsequently, SilverCreek went into bankruptcy. Plaintiffs defaulted on the payment terms of the note in 1990, and subsequent to this default, this action was initiated by plaintiff Raejean Stotler to rescind the note/contract.

In response to the complaint, Geibank denied the allegations and in turn counterclaimed for judgment on the note and also asserted a claim in a third-party action against Robert L. Stotler for his default on the note. The trial court realigned the parties so that Raejean Stotler and Robert L. Stotler both proceeded as plaintiffs against Geibank.

The initial complaint alleged that plaintiffs were induced by false representations of SilverCreek to purchase the lot and sign the note. In particular, plaintiffs alleged that SilverCreek represented that the vacant land and surrounding property would be developed into a residential development with condominiums, golf course, western theme park, and other amenities, that the investment would increase in value, and if it did not, purchasers could always sell the lot. Plaintiffs also maintained that these were false representations that induced

them to purchase the property and that they justifiably relied on such representations.

Plaintiffs subsequently filed an amended complaint which reiterated the claim of fraudulent inducement, but in addition alleged that defendant was not a holder in due course of the note because it had failed to take the note in good faith and without notice of the defenses that plaintiffs might have against the assignor, SilverCreek. Plaintiffs also alleged that, because of the close business relationship between SilverCreek and Geibank, the latter was not a holder in due course.

Geibank, with supporting affidavits and memorandum of law, filed a motion for summary judgment solely as to the claims asserted by plaintiffs.

Plaintiffs responded to this first motion for summary judgment by filing a memorandum of law but without an accompanying affidavit or other sworn testimony to support their claims. In apparent response to the claims in plaintiffs' complaint, Geibank's employee's affidavit stated that Geibank was not aware of any defenses to payment or performance of the plaintiffs' promissory note and that Geibank had no substantial prior dealings with SilverCreek before the purchase of Stotlers' loan file.

In granting Geibank's first motion for summary judgment, the trial court stated, in part:

> The Plaintiffs have admitted that the Defendant made no misrepresentation to them concerning the notes, nor have the Plaintiffs produced any evidence that Defendant knew, should have known, or could be imputed with knowledge as to any alleged misrepresentations....
>
> The Court finds that Defendant is a holder in due course and the Plaintiffs have not produced any evidence indicating otherwise. Therefore, Plaintiffs cannot prevail. The amended complaint is dismissed.

Thereafter, Geibank moved for summary judgment on its counterclaim that plaintiffs had defaulted on the note and, consequent-

ly, owed Geibank the amount due on the note as well costs and attorney fees.

In response to Geibank's second motion for summary judgment, Raejean Stotler filed an affidavit stating, in relevant part:

In fact, I believe I was deceived as to the nature of the document I was signing, to-wit: the note; and further, the nature of the underlying property which I was purchasing.

I have examined the Receipt, Agent Certification and Cancellation Page tendered to me by Defendant's counsel with the alleged date of September 8, 1985 listed thereon, and my purported signature. That signature is not my signature. I never received a HUD property report until a much later date.

At the time of my purchase, I was advised by representatives of SilverCreek Development Co. that the vacant land and surrounding property would be developed into a residential development with condominiums, a golf course, Western theme park and other amenities.

It is my belief that the Defendant herein had in its possession at the time of the assignment of the note, or should have had, certain facts from which it had reason to know of certain defenses existing at the time of execution of the note, and failed to make reasonable inquiry.

In addition, I was advised by persons at SilverCreek Development Co. at that time and subsequent thereto that Silver-Creek Development Co. had a close relationship with a bank.

In disposition of Geibank's second motion, the trial court entered summary judgment on behalf of Geibank and against the Stotlers, jointly and severally, in the amount of $30,169.29 as principal and interest at 13 percent, plus reasonable attorney fees of $7,370, plus costs of $580.15.

## I.

Plaintiffs argue that the trial court erred in granting summary judgment for Geibank. We agree with plaintiffs in part as to the second summary judgment.

## A.

In the course of the first summary judgment, plaintiffs provided no sworn testimony to support the allegations of their complaint. In addition, the affidavits filed by Geibank in support of its first motion for summary judgment were adequate to prove holder in due course status against plaintiffs' allegations in the complaint.

Plaintiffs' amended complaint was based primarily on the theory of fraudulent inducement. That defense is unavailable against a holder in due course. Section 4–3–305, C.R.S.; *Terrell v. Heller & Co.*, 165 Colo. 463, 439 P.2d 989 (1968). Hence, the trial court correctly entered summary judgment for Geibank on its first summary judgment motion. *See In re Application for Water Rights of Burger v. Uncompahgre Valley Water Users Ass'n*, 192 Colo. 159, 557 P.2d 389 (1976); *Koch v. Sadler*, 759 P.2d 792 (Colo.App.1988).

We note that because of the language in the trial court's first summary judgment order, it was not an appealable order under C.R.C.P. 54(b). *See Smith v. City of Arvada* 163 Colo. 189, 429 P.2d 308 (1967). Furthermore, the preclusion issue here arises in the same, not a later, suit. *See Carpenter v. Young*, 773 P.2d 561 (Colo.1989).

## B.

As to the propriety of the second summary judgment, we note the following principles. Summary judgment is a drastic remedy and is never warranted except on a clear showing there is no genuine issue as to any material fact. *Hatfield v. Barnes*, 115 Colo. 30, 168 P.2d 552 (1946). Summary judgment should be denied if there is the slightest doubt that the moving party may prevail. *Smith v. Mills*, 123 Colo. 11, 225 P.2d 483 (1950). The trial court must resolve all doubts as to whether an issue of fact exists against the moving party. *Jones v. Dressel*, 623 P.2d 370 (Colo.1981).

Applying those standards here, we conclude that the second summary judgment cannot stand.

Raejean Stotler's claim in her affidavit that she was deceived as to the na-

ture of the document when she signed it is akin to asserting a claim of fraud in the factum. This is a real defense and, if proved, defeats the rights of Geibank to collect under the note. *See Meyers v. Johanningmeier,* 735 P.2d 206 (Colo.App. 1987); § 4–3–305, C.R.S.

While we recognize that plaintiff's evidence in her affidavit in support of this claim is somewhat ambiguous, we conclude that application of the above stated summary judgment principles means that plaintiff can proceed on this claim.

Furthermore, the failure of a seller of land in a development timely to provide a HUD report to the buyer and the forgery of a buyer's signature can, in certain circumstances, provide a defense on a note against an assignee who might otherwise be a holder in due course. *See Stewart v. Thornton,* 116 Ariz. 107, 568 P.2d 414 (1977).

Accordingly, under either of these theories, there were factual issues to be resolved, and thus, summary judgment was not proper.

As to the plaintiffs' final theory of defense, we conclude that they have stated a viable basis for avoiding liability but, nevertheless, conclude that no factual issue was raised to preclude disposition of this defense by summary judgment.

■ If the signers on a note are able to prove close connectedness between the original payee of the note and an assignee thereof (here, SilverCreek and Geibank), then such relationship effectively invalidates the assignee's claim to a holder in due course status and allows the defenses available against the payee also to be asserted against the assignee. *Unico v. Owen,* 50 N.J. 101, 232 A.2d 405 (1967); *Arcanum National Bank v. Hessler,* 69 Ohio St.2d 549, 433 N.E.2d 204 (1982).

The underlying theoretical basis for this close-connectedness doctrine is that the assignee is in such a close relationship with the assignor that it is either involved with many aspects of the assignee's business, or has responsibility in this regard, and the two companies have established such a significant ongoing interconnected business relationship that the conduct of assignor is imputable to the assignee. *See Rehurek v. Chrysler Credit Corp.,* 262 So.2d 452 (Fla. App.1972).

■ Hence, we agree with plaintiffs that they have asserted a legitimate theoretical legal basis for voiding Geibank's holder in due course status through the close connectedness doctrine. However, we also determine that the trial court properly granted summary judgment on this claim because Geibank stated there had not been a close interconnected relationship and the evidence submitted to the contrary by plaintiffs is inadequate to raise a viable factual issue.

The statement of Raejean Stotler that she had heard from SilverCreek that they had a close relationship with a bank is hearsay. *See Hansen v. Dillon,* 156 Colo. 396, 400 P.2d 201 (1965); *In re Estate of Abbott,* 39 Colo.App. 536, 571 P.2d 311 (1977). Also, since the "bank" was not identified, the statement is insufficient to present any issue concerning Geibank. *See Lane v. Arkansas Valley Publishing Co.,* 675 P.2d 747 (Colo.App.1983), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3534, 82 L.Ed.2d 840 (1984). Hence, this theory of defense was properly rejected by the trial court.

## II.

Defendant implicitly contends that the trial court's determination that it was a holder in due course in the first summary judgment decision precluded plaintiffs from contesting that issue in response to the second summary judgment motion. We disagree.

■ In our view, neither the law of the case doctrine nor collateral estoppel prevents a party from submitting affidavits in opposition to a subsequent motion for summary judgment. *See Carpenter v. Young, supra; Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16 (Colo.App.1983).

■ If, as here, a party who requests two summary judgments, decides not to file the motions therefor simultaneously, then it takes a risk that evidence subse-

quently submitted in opposition to the second motion may have the effect of undermining aspects of the court's prior decision.

Hence, here, although Raejean Stotler's affidavit could be properly considered in determining the second motion for summary judgment, we nevertheless conclude that the trial court did not err in concluding that the affidavit failed to assert sufficient facts to support a "close-connectedness" bar to Geibank's status as a holder in due course.

However, contrary to Geibank's suggestion, the court order involving the first motion for summary judgment was not the law of the case as to either the fraud in the factum or the HUD disclosure claims because those issues were not precisely before the court at the time it ruled. Thus, these two claims remain on remand, if proved, as defenses to Geibank's claims and to its holder in due course status.

The summary judgment rejecting plaintiffs' attempt to rescind the note is affirmed. The summary judgment awarding defendant recovery on the note is reversed, and the cause is remanded for further proceedings thereon consistent with this opinion.

PIERCE and RULAND, JJ., concur.